Judge Underwood,
delivered the opinion of the court.
The defendants in error recovered a judgment, before a justice of the peace, against Jee-tér as administrator of the goods and chattels, of Aaron Dewitt and others. Being unable to collect it by executions, they warranted Jeeter, suggesting a devastavit. The justice of the peace gave judgment against him, and he appealed. ' The circuit court gave judgment against him, and he has prosecuted a writ of error.
The only question of consequence, relates to the jurisdiction of the justice, in sustaining a proceeding against Jeeter for a devastavit of the assets in his. hands as administrator. His administration bond was in ^be penal sum oí $600. The judgment against him as a iministra tor of Dewitt, was less than $50. The judgments rendered against him individually by the justice and circuit court, on account of the de-vastavit, were for $25.
It is very clear, that a justice of the peace could not legally entertain jurisdiction of a suit upon the administration bond. The amount of the penalty would regulate the jurisdiction', and as that exceeded $&0, the powers conferred on justices of the peace' would not embrace it. If then the justice had jurisdiction in tlie present case, it results by operation of law from the non-payment of the judgment against Jeeter as administrator, when he had assets with *229 which he should have made the payment, whereby the debt devolved on him as a personal demand. Does the law under such circumstances make the debt of the deceased a peisonai charge against his presentative? We think it does. The undertaking of an administrator is, to pay the debts oí the rules tatesofaras he may have assets,-and in the order of their dignity. This duty the law imposes upon him. His officiai bond does not impose it, but merely secures its discharge and fulfilment, and provides against his insolvency. We perceive, therefore, no impropriety'in proceeding directly against the administrator upon his undertaking, resulting from his appointment, without instituting suit upon bis official bond. The person injured has choice of remedies. If the assets are not appropriated according to law, the administrator thereby makes the debt his own, and if it be under $50, a justice of the peace has jurisdiction. This seems to result from his engagement to pay creditors of the intestate, as fiijj as the assets extend, and in the order of dignity, existing among the debts of the creditors; and this ment or undertaking, is an implication, growing out Of the law prescribing, the duties of an administrator, and may, therefore, be looked upon as a contract between the administrator and creditor, coming with; in the purview of the act of 1828, giving justices of the peace concurrent jurisdiction with the circuit courts in certain cases. The official bond of an administrator is a contract with the commonwealth, and cannot be regarded as a contract with a creditor of the intestate, although designed for the benefit.of ere-
minSoUor^' having assets,fails to pay - gso, rendered: him j18 ¿ayT¿eper-sonally sued before a justice ^ tifea^’ mount of the judgment, o^aifadmin-istrator is a contract with common^ wealth, and therefore, “nonbe, fore a Justice, unless the statute whiefe requires an f-óñ^ond" ¿oes not interfere with iawrenwdy by action of debt, suggest-'vit dttevasia~
*229 The statute requiring an administration bond does not interfere with the remedy which was given,by the principles of the common law, by an action of debt, founded upon the judgment suggesting a devas-tavit. This action can only be sustained upon the ground, that the administrator has made the debt his-own, by failing to comply with his undertaking to pay so far as he had assets; and (his underiafting is in the nature of a contract, and therefore, embraced by the act of 1828. r
There is another point in the cause which has been insisted on in argument, and perhaps it deserves no- *230 Uoc. It is urged that the returns upon the executions which issued upon the judgment, are insufficient to authorize the defendants in error to maintain their fora devastavit. We do not admit that a return of nulla -bona upon Ji. fa. against an administrator, is indispensable to charge him with a devasta-vit. We dissent from the argument at the threshold. By the English law, if an administrator permitted judgment to be rendered against him without plead-amounted to a confession of assets to the value of the judgment. This was the law here until the passage of the act of 1811,1 Digest, 534; nor will we say that such a judgment is not even now prima facie evidence of assets to the amount thereof. Until the passage of the statute, the judgment by default, was conclusive evidence of assets. If, since the statute, it is not even prima facie evidence, a judgment, and a return of nulla bona upon a fufa, will not be sufficient to fixa devastavit on the administrator,^ would have been the case before the passage of the statute; Walker vs. Kendall, Hardin, 406; II Starkie, 562. A judgment tnay be obtained "•lagaínst an administrator, by default, who never had a fly assets. A return of nulla bona would not prove *- that; he had assets, or that any had ever been in his "hands. If since the statute, the judgment does not - prolle assets, the return of nulla bona cannot. The "‘plaintiff in the action against the administrator for a -•'devastavit, must shew assets by proof. If the judg ment does not prove it, he must introduce evidence aliunde. If the judgment is prima facie evidence of assets since the statute, (and to that opinion we are inclined,) then it devolves on the administrator to shew that he has fully administered, or that he had not received assets to the value, and thus to make out his defence according to the statute. If he fails in this, judgment should go against him in his own right. When a judgment is rendered against an administrator for a debt of his intestate, it is his duty forthwith to pay it if he has assets. The execution which issues, is a coercive instrument, by which he may be compelled, if the officer can find property, to pay the debt. A return of nulla bona by the officer, proves that he could find no property on which to levy; but it does not prove that the administra- *231 lor, ever had any property or money of his intestates. It may make the neglect of the administrator to pay, supposing him to have assets, the more -palpable, but does not prove that he has them; nor does it that all the assets which came to hand, have not been properly appropriated by the administrator. Hence, we perceive no reason for suing execution against an administrator asa necessary and indispensable step to charge him with devastavit. Indeed, devastavits may be established by proof of facts as unlike a return of nulla bona, as two things can well be; for instance, a release of a debt due the intestate, or the payment of a debt of, inferior dignity may amount to a devastavit. In this case the judgment against the plaintiff in error, as administrator, proved his liability. It was shewn that he had assets. He had violated his duty in failing to pay the judgment. He had sold every thing on which an execution could be levied. He did not, upon the trial, shew how he had appropriated the assets.
Zafion'1 °inul~ iudispeusablo to charge nn administrator limit
Monroe, for plaintiff.
We are of opinion that the justice hadjurisd!~i!i'~ and that the circuit,court has not erred.
Wherefore, the judgment is affirmed.