Judge Simpson
delivered the opinion of the Court.
This suit was brought against an administrator and his sui-eties, on his administration bond, by one of the distributees, as relator, for his distributive portion of the intestate’s estate. The sureties filed a plea alleging that they were only the securities of the administrator, and were sued as such, and that five years had elapsed since the execution of the bond, and since the youngest of the heirs and distributees of the decedent arrived at twenty-one years of age, before the institution of plaintiif’s action. To this plea the plaintiff replied, that the administrator had not settled his accounts with the County Court until within a period of five years next preceding the institution of his action. A demurrer to this replication was sustained by the Court, and a judgment rendered for the sureties in bar of the plaintiff’s: action; to which judgment the plaintiff prosecutes a writ of error.
The question in this case, arises under, the act of 1838, (3 Stat. Law, 558,) limiting the time of bringing actions against sureties. The second section of the act provides, that from and after the first day of July, 1838, sureties, their executors, administrators, heirs and devisees, shall be discharged from all liabilities to distributees, devisees and wards, on administration and guardian bonds, when five years shall have elapsed without suit, after the youngest of the distributees, devisees, oi wards have attained full age.
Is the plea good under this section, or should it have contained an avei'ment, that at the time of the granting administration, and when the bond was executed, some of the distributees were under full age? It is contendec *63 that this section has no application where the distributees are of full age, as in this case, at the death of the intestate; that it only contemplates and provides for a case where some of the distributees are infants at the time of the execution of the administration bond; and that this plea is defective in not containing an averment that such was the fact.
The sfatute limiting the time for bringing suits against the sureties of administrators and guardians (3 Statute Lav> 558) was intended to be general, and applies as well to cases where the distributees were all of full age at the date of the bond, as to cases where part are of full age and part minors— where ■ all are of full age at the date of the ■bond, suit must . be brought within five years from its date. If part are in fan ts, in five years from the arrival oí the youngest to full age.
The statute evidently contemplates a limitation to actions against sureties, on bonds and obligations of every description. The second section is the only one that applies to administration and guardian bonds. The third section, which is most general in its terms, only embraces all written obligations, other than those provided for in the first and second sections of the act. The only limitation which the statute provides to actions on administration and guardian bonds, is that of five years, contained in the second section. It must be regarded as applying as well to cases where the distributees are all of full age, ah to those where some of them are infants when administration is granted ; otherwise, the statute will provide no limitation in the class of cases first mentioned. In this class of cases, the suit must be brought within five years after the execution of the bond, because the distributees labor under no disability. In the other class of cases, five years are allowed after the youngest of the distributees have attained full age, on account of the disability of infancy.
The limitation in the other sections of the act is seven years, and from this it is argued, that the Legislature did not intend, by this section, to shorten the time to five years, except when infancy intervened. But it may be remarked, in reply to this argument, that the section expressly applies to a case where the youngest distributee should attain full age one day after the execution of the bond, which would virtually reduce the limitation to five years. So that it may fairly be inferred it was the intention ofvthe Legislature, in all actions against sureties on administration bonds, to make the limitation five years» !ithe time, however, not to *64 commence running, where infancy existed, until the disability was removed.
A distributee has a right to bring suit against a& administrator and suretyon th'é administration bond whether & settlement has been mode or net, after the lapse of nine months from administration.
Green and W. L. Underwood for plaintiff; Jones fbi; defendants.
As the plea, in this ’case,- showed th;át ‘more than five years had elapsed after the bond was executed, and also contained an averment that the action had not been commenced within five years after the .youngest of the distributees had attained full age-, it is a good plea, whether the distributees were all of full age, or some of them were infants, when the bond was executed-.
The replication does not contain a sufficient answer to the plea-. A distributee has a right to sue-, whether a settlement has been made by the administrator or notv An administrator might not settle with the County Court at all, and if his failure to do so- b'ould prevent the operation of the statute, it would haVe but little efficacy in limiting the time of bringing actions against the sureties in his bond. A suit may be Commenced by a distributee, for his shar.e of the personal estate, against the administrator, át any time after the expiration of nine months from the grant of administration. The demurrer to the replication was, therefore, properly sustained.
Wherefore, the judgment is affirmed;