18bm201
114  302

</div>

McCalla's Adm'r. *vs* Patterson and others.                    Case 29.

APPEAL FROM LIVINGSTON CIRCUIT.

1. A return of *nulla bona*, upon an execution issued upon a judgment against an administrator, is not an essential requisite to the maintenance of an action upon his bond for a *devastavit*. (1 *J. J. Mar.* 184; 6 *Ib.* 228.)

2. There is no difference between a judgment against an administrator, to be levied of the goods of and chattles of the intestate, and a decree on which an execution may issue, as neither, since the act of 1811, (*Stat. Law*, 672,) prohibits the administrator nor his sureties from showing that there had been a full administration when the judgment or decree was rendered, or limiting the recovery to the amount of assets in hand.

3. In a suit against an administrator and his sureties on his bond, to collect the amount decreed upon a mortgage, it is not competent for the defendants to put in issue the validity of the mortgage, and re-litigate the questions decided by that decree. (1 *J. J. Marshall*, 179.)

M'CALLA'S ADM
*vs.*
PATTERSON, &c.

4. If there is a sufficiency of assets to satisfy a judgment or decree against an administrator at the time it is rendered, the administrator is bound to show that they have been used in paying debts, or there is a liability for a *devastavit*, unless they have been disposed of by the fraud of the party seeking the recovery.

5. It is no answer to a suit for a *devastavit* to say that there is real estate sufficient to pay the judgment or decree.

[The facts of the case are stated in the opinion of the court.—REP ]

*J. E. Newman* for appellant—

This suit is brought against Samuel W. Patterson, and his sureties on his bond, given as administrator of Samuel Patterson deceased, for an alledged *devastavit*.

The defendants answered, and the plaintiff demurred to the answer. The court sustained the demurrer on the ground that the plaintiff's petition was defective, and rendered judgment for the defendants, and the plaintiff has appealed to this court.

1. The first question is whether the exhibits referred to constitute a part of the petition, and will control the express allegations of the petition.

In the case of *Hill vs Barrett,* 14 *B. Monroe,* 87, *same book* 252, this court said, in effect, that the exhibits constitute no part of the petition. If the exhibits referred to constitute no part of the petition, then the judgment of the circuit court is clearly erroneous. But if the exhibits be properly before the court, as part of the petition, still the petition is good—1. Because no return of *nulla bona* was necessary. 2. If necessary the execution and return were sufficient.

In the case of *Clark vs Hendley,* 5 *Monroe,* 99, it was decided by this court, (Judge Mills dissenting,) that two returns of *nulla bona,* one of no assets in the hands of the administrator, and the other of "no property," on a judgment against the administrator, to be levied "*de bonis propriis,*" were necessary. In the subsequent case of *Hobbs vs Middleton,* 1 *J. J. Marshall,* 176–92, this court sustained the dissenting opinion of Judge Mills. Thus the law stood when

the cases referred to by appellees counsel, in 3 *J. J. Marshall*, 121, were decided; but in a subsequent case of *Jeeter &c. vs Durham & Winlock*, 6 *J. J. Marshall*, 230, this court, for the reasons there given, held that no return of *nulla bona* was necessary, even against the administrator in his fiduicary capacity, before suing him individually for a *devastavit*. That a failure to pay a judgment, by an administrator, having had sufficient assets, is a *devastavit*, and that a return of *nulla bona* is only intended as evidence, which may be supplied by other proof.

An administrator may be sued upon his bond for any failure in duty embraced by his bond.

A return of *nulla bona* is not essential to charge an administration for failing to pay a decree which is usually enforced by attachment, and not by execution of *fieri facias*.

The defendants, in substance, admit the wasting of the assets, and the insolvency of the administrator, and no return can be necessary to prove that which is admitted.

2. The decree against Samuel W. Patterson, the administrator, expressly directs him to pay out of the assets in his hands; this he failed to do, and the coercive process of the law was used. The sheriff was directed, by the execution, "that of the estate of Samuel W. Patterson, administrator and only heir of Samuel Patterson deceased," to cause to be made, &c. It was the duty of the officer to demand payment of Samuel W. Patterson, or that he surrender property to be sold for its satisfaction. Samuel W. Patterson knew the character in which he was sued. If he had surrendered property, and it had been sold by the officer, the purchaser would have acquired a good title. (*See Wale vs Booth*, 4 *Term R.* 625, referred to in *Williams on Executors*, 525, *note* (*a*).) When the debt was not paid, nor property surrendered, it was the privilege of the sheriff to return that there was no property found to satisfy the execution. It was not the duty of the officer to *search* for property. From

the facts appearing the return of the sheriff was justified.

A decree against one "as executor of the last will 'and testament of A. is a decree against him in 'his representative, and not in his individual capaci-'ty." (*Hascott vs Collins*, 23 *Miss.* 398.)

The question arising in this case is whether the facts avered, and appearing in the case, do show that Sam. W. Patterson has wasted the estate which came to his hands, amounting to upwards of $10,000; it is insisted that they do.

The question then follows, did the court err in its decision on the demurrer of the plaintiff to the defendants answer? The first paragraph sets out that judgment was had, and executions issued, against S. W. Patterson, as heir at law, &c. These are immaterial facts if true. There is no attempt to charge defalcations as heir at law; it is for defalcations, as administrator, that he is charged; that he was heir at law neither adds to nor diminishes his responsibility.

The farther allegation that the mortgage from D. W. Patterson to plaintiff's intestate was fraudulent, presents no available defense to this suit. It is, in effect, presenting for re-examination and re-adjudication that which was decided and settled between the parties in the suit in which the decree was rendered which the plaintiff seeks to collect. And this defense cannot be set up for several reasons—*First*. Because defendants' intestate purchased the slave subject to the mortgage, and therefore cannot contest its validity. (*McWhorter vs Huling*, 3 *Dana*, 348.) *Secondly*. The decree cannot be assailed collaterally. *Thirdly*. Sureties have no right to such a defense. *Fourthly*. The allegations are insufficient, even if they had been in the form of a bill of review, to authorize a re-examination of the case, as there is no allegation that the facts have been discovered since the decree. The court is referred to the case of *Hobbs vs Middleton, supra*, in which this court said,

"the responsihility of the sureties being incidental
· and collateral to that of the principal, a judgment
' in favor of a creditor against the administrator, con-
' cludes the sureties as to the existence and char-
' acter of the debt thus ascertained, and cannot be
' questioned or reviewed in a suit on the official
' bond."

The second paragraph does not deny that the ad-
ministrator had personal property more than suffi-
cient to satisfy the judgment, but insists that the estate,
real and personal, was levied upon and sold with
the knowledge of plaintiff and his counsel, and
the defendant S. W. Patterson reduced to insol-
vency.

The third paragraph, setting forth that the defend-
ant has a claim to certain real estate, and in sub-
stance referring the plaintiff to that for satisfaction,
presents no bar to the plaintiffs action.

*B. & J. Monroe* for appellees—

The appellant seeks a recovery in this suit of
$581 34, the amount of a decree rendered against
Samuel W. Patterson, as administrator and sole heir
at law of Samuel Patterson, deceased, being the
value of a negro girl said to have been mortgaged
by D. W. Patterson to McCalla, the equity of re-
demption in which negro was purchased by Samuel
Patterson, and the negro sold by him. The sureties
in the bond of the administrator are the only defend-
ants in the suit.

The decree was rendered against Samuel W. Pat-
terson, as administrator and sole heir at law; upon
this decree a *fieri facias* issued on which the sheriff
made a return of *nulla bona*. The plaintiff make part
of their petition the administrator's bond, the decree
of the court, the *fieri facias* thereon, and the settle-
ment of the administrator with the county court,
which constituted these papers as much a part of the
petition as if they had been copied into it. The
plaintiff avers that estate of the value of $10,000

M'CALLA'S ADM came to the hands of the administrator, consisting of
*vs.*
PATTERSON, &c. slaves, and personal property, more than sufficient
to pay the debts of his intestate, and that he has
wasted it, &c.

The sureties of the administrator answer in three
distinct paragraphs; in the first, the validity of the
mortgage, which is the basis of the decree, is assail-
ed. It is insisted that it is competent for the sureties
in the bond of the administrator, who were no par-
ties to the suit in which the decree was rendered,
to assail it. That they are not concluded by that
decree.

In the second, the sureties rely, that although suffi-
cient assets did come to the hands of the administra-
tor, yet that it has been sold to satisfy his debts, after
coming to his hands as heir at law, when it was lia-
ble for his debts, and that as heir at law he is respon-
sible, and that they are not liable as his sureties in
the administrators bond.

In the third paragraph, it is averred that there is
yet real estate which descended to the heir at law,
and asks that those adversly claiming it may be
brought before the court, the right tested, and the
property subjected to plaintiffs demand. A demur-
rer was filed to this answer, and the court decided the
plaintiffs petition to be defective.

A suit had been before this court, in which the lia-
bility of Samuel Patterson for the value of the negro,
for which the decree against Samuel Patterson was
rendered, was directly involved; the court passed by
the whole question, deciding other matters involved;
subsequently the case was brought again to this
court, and this court went behind its first decree, and
decided that Patterson's estate was liable. The
sureties on the administrator's bond were not parties to
any of these proceedings, and, they insist, are not
bound by them. The heir at law being the adminis-
trator it is insisted that so soon as all apparent liabil-
ity for debts was gone that Sam. W. Patterson held
as sole distributee, and the sureties were no longer
liable on their bond.

There is no sufficient averment of *devastavit*; the execution which is exhibited in the petition does not show such a return by the officer as warrants the conclusion that there has been a *devastavit*. The execution requires the sheriff "of the estate of Sam. W. Patterson, administrator and only heir at law of Samuel Patterson, deceased, you cause to be made," &c., not to be levied of the assets of the decedent, but "of the estate of Sam. W. Patterson, administrator and only heir at law," mere description of the person of Sam. W. Patterson. The administrator may have had assets, but no estate of his own liable to sale for ought that appears by the return on the execution.

The averment that the assets have been wasted must be shown, and the return relied on to prove that fact is not sufficient. (3 *J. J. Marshll* 121–2; 5 *Monroe*, 108.) The case of *Jeeter &c. vs Durham*; 6 *J. J. Marshall*, 228, was not against the sureties, but against the administrator alone.

The petition does not appear to have been sworn to by the plaintiff, his agent or attorney.

Judge STITES delivered the opinion of the court.

This was an action against Samuel W. Patterson, as administrator of Samuel Patterson, deceased, and his sureties in his official bond, for a *devastavit*, and failure on the part of the administrator, to satisfy a decree in favor of the plaintiff against the estate of his intestate.

The defendants resisted a recovery upon three grounds, set out in the three paragraphs of their answer, to each of which plaintiff demurred. Upon the trial below, the court being of opinion that the petition was insufficient, gave judgment upon demurrer for the defendants, and the plaintiff has appealed.

The petition sets forth and exhibits the decree against the estate, and also an execution purporting to have been issued thereon, with a return of "*nulla*

M'CALLA'S ADM
*vs.*
PATTERSON, &c.

June 29, 1857.

bona," It likewise exhibits a settlement made by the administrator with the county court of Livingston, showing that a large amount of assets had come to his hands, and avers that they had never been accounted for, &c. The exhibits referred to in the petition are prayed to be regarded as a part thereof, and were doubtless considered upon the demurrer as such; whether properly so considered, need not now be decided as, in our opinion, the petition is sufficient with or without them.

The allegations as to the appointment of the administrator, and the execution of the bond, the obtention of the decree, and return of execution thereon unsatisfied, the sufficiency of assets in the hands of the administrator for the payment of the decree, and his failure to pay the same or to account for the assets of the estate, are comprehensive, and full enough to support the action, unless, regarding the exhibits as a part of the petition, they present some obstacle to the recovery which will avail the defendants upon demurrer.

The decree, it appears, was against Samuel W. Patterson, as administrator and sole heir at law of Samuel Patterson, deceased, and was to be paid out of assets which came to his hands as administrator, and estate descended, &c., on which an execution was awarded, &c.; and in the decree it is provided that if the money is not made, other orders therein mentioned will be allowed for its enforcement, &c.

The execution alledged to have been issued thereon, and exhibited, is directed to the sheriff of Livingston, and commands him "that of the estate of Samuel W. Patterson, administrator and only heir at law of Sam. Patterson, Sr., late of your bailiwick, you cause to be made the sum of five hundred and eighty-one dollars, &c;" and the return thereon is "no property."

It appears from the sheriff's return of the original process in the case, that the administrator was a

non-resident of Livingston when this suit was brought.

It is contended that inasmuch as the execution exhibited is not against the assets and estate descended, but against the estate of the administrator, and does not appear to be directed to the county of his residence; and inasmuch, also, as there was no other coercive step or proceeding had to enforce the collection of the decree, and no alledged demand of the money from the administrator before suit brought, that the action for a *devastavit* was not maintainable; or in other words, that a return of *nulla bona* upon an execution issued in conformity with the decree, and directed to the county of the residence of the administrator, or some evidence of coercive steps by rule or attachment to collect the decree, or a demand before the suit was commenced, was indispensable to enable the plaintiff to maintain his action.

We do not so understand the law as settled by this court.

In *Thomas' ad'mr. vs Commonwealth use &c.*, (3 *J. J. Marshall*, 123,) and in *Clarke vs Commonwealth use &c.* (5 *Monroe*, 101,) (Judge Mills dissenting in the latter case) it was held that before a creditor could maintain an action on an administrator's bond suggesting a *devastavit*, he must have his judgment against the administrator and a return of *nulla bona*; and that the sureties in the bond were not liable until after such return was had.

But the case of *Clarke vs Commonwealth &c. supra* was subsequently reviewed in *Hobbs vs Middleton*, 1 *J. J. Marshall*, 184 and the views of Judge Mills adopted; and the doctrine of the latter case was recognized and reaffirmed in *Jeeter vs Durham*, 6 *J. J. Mar.* 228, and has not been departed from since. So that it may be now considered as settled that a return of *nulla bona* upon a judgment against an administrator is not an essential prerequisite to an action upon the bond for a *devastavit*.

1. A return of *nulla bona*, upon an execution issued upon a judgm't. against an administrator, is not an essential requisite to the maintenance of. an action upon. his bond for a *devastavit*. (1 *J. J. Marshall*, 184; 6 *Ib.* 228.)

VOL. XVIII.    14

M'CALLA's ADM
*vs.*
PATTERSON, &c.

2. There is no difference between a judgment against an adm'r., to be levied of the goods and chattles of the intestate, and a decree on which an execution may issue, as neither, since the act of 1811, (St. Law, 672,) prohibits the administrator nor his sureties from showing that there had been a full administration when the judgment or decree was rendered, or limiting the recovery to the amount of assets in hand.

There is no substantial difference between an ordinary judgment *de bonis testatoris*, and a decree to be paid of assets on which an execution may issue. Nor is there, in our opinion, any good reason why such decree should not, in the pursuit of the administrator, and his sureties on the bond for a *devastavit*, be regarded for every purpose as equal to a judgment, which, since the act of 1811, (1 *Stat. law* 672,) is evidence of the amount due; but neither precludes the administrator nor his sureties from avoiding liability upon the bond, by showing that the former had fully administered when the judgment or decree was obtained; or limiting such liability to the extent of assets then on hand.

It was the duty of the administrator in this case to satisfy the decree in question immediately upon its rendition, and failing in this, he and his sureties in his bond became at once liable for *devastavit* to the amount of the decree, provided the assets then on hand or unadministered were sufficient for its satisfaction; and the action was maintainble upon the bond without further proceedings upon the decree.

We are therefore of opinion that the petition was sufficient, and that the demurrer to it was improperly sustained.

With regard to the answer, our opinion is, that neither paragraph severally, nor all collectively, present a valid defense to the action.

The first undertakes substantially to assail the original mortgage upon which the decree is based, and reopen and relitigate the whole controversy which had just been settled by the decree, and thus seeks to question collaterally the fairness of the original decree, which is only allowable by direct proceeding for that purpose.

3. In a suit against an adm'r. and his sureties on his bond, to collect the am't decreed upon a mortgage, it is not competent for the defendants to put in issue the validity of the mortgage, and re-litigate the questions decided by that decree. (1 *J. J. Marshall*, 179.)

The responsibility of the sureties in the administrators bond is incidental and collateral to that of the principal, and a judgment in favor of a creditor against the administrator concludes the sureties as to the existence and character of the debt thus as-

certained, and cannot be questioned or reviewed in a suit on the administrator's bond. (1 *J. J. Marshall,* 179.)

The second paragraph admits that a sufficiency of assets came to the administrator's hands, and also, that he acquired by descent real estate enough to satisfy the debt; but alledges that the assets and estate thus derived had been sold for the satisfaction of the administrator's individual debts with the knowledge of plaintiff's intestate and his counsel.

The inquiry in this case is, was there a sufficiency of assets unadministered when the decree was obtained to satisfy it; and the liability of the sureties depends upon the response. If assets enough came to the administrator's hands before the rendition of the decree, and they were used and appropriated otherwise than in the payment of the debts of his intestate, then they were assets unadministered, and the *devastavit* was complete. It cannot avail the sureties in such case to say, that they went to the payment of the individual debts of the administrator, unless such mis-appropriation was procured through the fraudulent agency of the plaintiff complaining of the *devastavit,* which is expressly disclaimed by the paragraph in question.

4. If there is a sufficiency of assets to satisfy a judgment or decree against an adm'r. at the time it is rendered, the administrator is bound to show that they have been used in paying debts, or there is a liability for a *devastavit,* unless they have been disposed of by the fraud of the party seeking the recovery.

The third paragraph is equally objectionable. It alledges substantially that there was still enough real estate descended to satisfy the decree; sets forth its description, and asks, that an adverse claimant to a portion thereof may be brought before the court in order to quiet title, and subject such estate to plaintiffs demand.

If this were so, as it must be regarded on demurrer, it still presents no obstacle to the recovery for a *devastavit.* The creditor has the option to pursue either the real estate, or his remedy upon the administrator's bond for the alledged *devastavit.* The undertaking of the administrator and his sureties is that the former will "well and truly administer the goods, chattels and credits" of his intestate accord-

5. It is no answer to a suit for a *devastavit* to say that there is real estate sufficient to pay the judgment or decree.

ing to law, &c., and when he fails in this, he and his sureties are at once liable to the creditor for a *devastavit*; and it furnishes no answer to an action upon the bond to say that there is a sufficiency of real estate to satisfy the demand.

Wherefore the judgment of the circuit court in sustaining the demurrer to the petition is deemed erroneous, and the same is *reversed*, and cause remanded with directions to sustain the demurrer to the answer, and for further proceedings not inconsistent with this opinion.