JUDGE PETERS
delivered the opinion op the court:
Upon this record two appeals are prosecuted, from two distinct judgments against the same parties.
The first one is from a judgment rendered in favor of the appellees against appellants, in an action brought in the court below, upon certain notes executed by Bushnell Willey in his life time, to them, and upon an account for articles sold to said Willey by E. Hill, and by Hill assigned to appellees.
From the allegations of the petition in the first case it appears that said Willey, who was a citizen of Harrison county, Ky., at the time, died in 1850; that administration upon his personal estate was, by the proper court, granted to his widow, (now Mrs. Susan Young,) on the 12th day of August. 1850, who executed an administration bond with John Lail and Jas. Robertson, her sureties; that in 1853 the administratrix intermarried with appellant, W. L. Young, and that John Lail, one of the sureties in said bond, has departed this life intestate, and administration on his personal estate has been, by the proper court, granted to the appellant, Joseph Shawhan. In the petition it is also alleged that administration on the estate of said Willey,, in the State of Illinois, was granted, in said State, to one E. A. Payne, who, under proceedings in some of *241 the courts in that State, had sold several tracts of land in Illinois which had belonged to said Willey, and that appellees purchased said lands on the 21st of October, 1857, at the price of $3,800; that $3,162.76 of said sum was credited on the notes they held on said intestate, and that appellee, Duhin, had executed to said Payne, administrator as aforesaid, his note for $800, the balance of the purchase price of said lands, to pay costs and necessary expenses attending the administration and settlement of the estate in Illinois. It is further alleged that the personal estate of the intestate, of the value of $13,-612.18£, came to the hands of the administratrix, about $7,000 .of which was applied by her to the payment of debts, and the balance the administratrix and her husband, W. L. Young, had wasted and converted to their own use; and that Young had, fey his marriage with the said Susan,received “property” which belonged to her and which had descended to her upon the death of her father, more than sufficient to pay off and discharge the whole of their demands. Other matters are alleged which it is not deemed material to notice.
Appellants answered this petition, and stated that the ad-ministratrix had fully administered all the assets which came to her hands to be administered, before the institution of this suit; that she had settled her accounts with the presiding judge of the Harrison county court, which settlement had been approved and ordered to record, a copy of which was referred to and filed as part of the answer, from which it appears that by-crediting the appellee, Susan Young, by the amount she hadt paid out, and the amount allowed her for her commissions, &C.,. the estate is indebted to her in the sum of $275.13.
They deny in their answer that the debts claimed in the petition have ever been legally demanded of the administratrix, insist that more than seven years had elapsed from the time she qualified until the institution of the suit, rely upon the statute of limitations as a bar to the whole action, and, also, as to so much of it as is founded on the account assigned to the plaintiffs by Hill.
In the 3.1 paragraph of a supplemental answer, filed by appellants, they allege that said E. A. Payne and appellees col *242 lected together, and, by covin and fraud, procured a sale of the lands in Illinois to be made under some pretended proceedings in the courts in said State, at which sale appellees pm-chased the lands; but that said court proceedings were not in accord anee with the laws of said State, and that the sales made under said proceedings were void, and that appellees, by their purchase and the conveyance of the lands to them under said sale, acquired no title whatever to said lands. They refer to, and say they will file as part of their answer, copies of said proceedings from the courts of Illinois so soon as they can be procured. They allege that the lands were worth at least $25,-000; that they are of the annual value of $ ; that appel-lees took possession of them directly after their pretended purchase; that they and their tenants had been in possession of them ever since; and that the rents and profits of said lands were more than sufficient to pay the whole of the debts claimed by appellees. Many of the alleged irregularities and defects in the proceedings and sale of said lands are specifically set forth.
Other matters were set up in said supplemental answer, but they need not be noticed. To this 3d paragraph appellees demurred; their demurrer was sustained, no amendment was filed, and, upon the trial of the cause, judgment was rendered for appellees for the amount of the several notes and interest thereon, named in the petition; and, as to so much of the petition as sought a recovery on the account assigned by Hill, it was dismissed.
The demurrer of appellees to the answer brought (he whole of the pleadings before the court, and, in deciding upon the demurrer, it was the duty of the court to decide against the party who committed the first fault. (Mitchell vs. Vance, &c., 5 Mon., 528; Birney vs. Haun, 3 A. K. Mar., 322.)
• The first question for our determination then, is, are the facts stated in the petition sufficient to constitute a cause of action against appellants? And, in considering this question, we will treat the action as having been designed to be brought by ap-pellees upon their original demand against the personal representative of Willey, for the purpose of establishing their debt, *243 and trying whether there are assets to discharge it; although the surviving surety in the administration bond and the personal representative of the deceased surety are made defendants in the action, and although some of the allegations in ¡lie petition would indicate that the action was brought, for a de-vastavit. Otherwise the judgment would be most obviously erroneous. . .
By section 16, art. 1, chap. 37, vol. 1, Rev. Statutes, page 500, it is declared that “if an unmarried woman, who is a personal representative, either alone or jointly with another, shall marry, her husband shall not be a personal representative in her right; but the marriage shall operate asan extinguishment of her authority, and the other personal representative,if there be any, may proceed in discharging the trust as if she were dead. If there be no other, administration de bonis non may be granted by the court.”
By the, marriage of Mrs. Young, which, according to the allegations of the petition, occurred prior to the institution of this suit, she, ceased to be the personal representative of the intestate Willey; and a suit against her, after that event, was as ineffectual to establish the debts against the estate of Wil-ley, and to test the question of assets to discharge said debts, as a suit against any other citizen of Harrison county would have been.
It is true, as was held by this court in Pilkinton's Exr'x. vs. Gaunt's adm'r., (5 Dana 411,) and in Strodd's heirs vs. Barnett, (3 Dana, 392.) that an executor or administrator, being regarded in equity as a trustee for creditors and others interested in the estate, and the assets being trust funds for their benetiti the court of equity may take jurisdiction in favor of a credi-itor who has not even obtained a judgment at law, not only to compel a discovery, but also to render the executor or administrator liable for a breach of his trust by waste ormal-admin-istration of the assets. In the cases, supra, the proceedings were against persons still retaining the character of executor or administrator, and not against those who had ceased to represent the estate, as is the case here. • Besides, this is not a suit in equity; no discovery of assets w*as sought, and the pe *244 tition is not, either in substance or form, sufficient to bring the case within the principles of the cases referred to; it was not drawn with that design, as is evident, not only from the petition itself but from the judgment which was rendered in the case and from the petition in the second case, in which it is expressly averred that the plaintiffs, at the May term, I860, of said court, “obtained a judgment against said Young and wife, admvñsiratrix and administrator of B. Willey, deceased, to be levied of assets of decedent which came to their hands to be administered, &c.”
The statute has provided for any that might otherwise result to creditors or others interested in the estate, by requiring that the court shall grant administration do bonis non to some other proper person, where, upon the marriage of the female representative, there is no other personal representative to discharge the trust. As the facts, alleged in the first petition, were not sufficient to constitute a cause of action against ap-pellees, the demurrer to the answer should have been overruled, and should have been sustained to the petition.
The judgment is therefore'reversed, with directions to sustain the demurrer to the petition and for further proceedings.consistent with this opinion.
But little remains to be said upon the subject of the judgment in the other case. It is a suit upon the administration bond against, the principal and sureties, suggesting a devastavit.
However learned judges may have heretofore differed, as to whether one or two judgments were necessary against the personal representative, before the sureties in the administration bond could be made responsible for a devastavit, it is now authoritatively settled that a creditor, before he can maintain his action against the sur> ties in the administration, must have obtained a judgment against the personal representative establishing his debt, and fixing upon him assets sufficient to discharge said debt, or a part of it, although a return of nullabona on an execution issued upon such judgment “is not an cssentid prerequisite to an action upon the bond for a devastavit." (McCalla's adm'r. vs. Patterson, &c., 18 B. Mon., page 207.)
*245 As it does not appear in this case that any judgment had been obtained by appellees against the personal representative of the intestate, prior to the institution of this suit, no cause of action was shown against appellee.
Wherefore the judgment is reversed, and the cause is remanded with directions to allow the appellees to amend the petition if they should offer to dó so’within a reasonable time; and, if they fail to make such amendment, that the petition be dismissed.