## ALEXANDER MADDOX'S EXRX. *v.* JAS. C. WILLIAMS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—696.]

**Claim Against Estate.**

An action to enforce a claim against an estate may be brought anywhere in the state where process can be served.

**Misjoinder of Causes of Action.**

Where no objection is made to a misjoinder but one appears and defends on the merits, he waives his rights to object thereafter.

**Execution of Receipt.**

A receipt signed by a married woman by mark and not witnessed is not legally signed and is not binding.

### APPEAL FROM CAMPBELL CHANCERY COURT.

February 9, 1884.

OPINION BY JUDGE HARGIS:

This suit was brought against Helm as surety of Alexander Maddox as administrator of Robert Maddox, deceased, and Mrs. Johnson as executrix of said Alexander Maddox to settle his accounts as administrator of Robert's estate and to compel her to account for the money received for land and rent by Alexander as agent of Robert's heirs. The action for the settlement of Alexander's accounts as administrator of Robert and the action on the contract

to collect the rents, sell the land and collect the money therefor and distribute it amongst the heirs of Robert were improperly joined, but there was no motion to compel the plaintiffs to elect which cause of action they would prosecute and the objection to the misjoinder was thereby waived.

The Mason Circuit Court did not have exclusive jurisdiction of the cause of action against Mrs. Johnson as executrix of Alexander Maddox for the rents and land money collected by him as agent and not as administrator of Robert for the reason that the cause of action was not to settle, distribute or partition the estate of Alexander Maddox. Separate it from the suit in Campbell county where Robert died and his administrator was appointed, and it will be seen that it is only a claim against Alexander's estate; hence the action to enforce it could be brought anywhere in the state that proper process could be served. Process was properly served on Helm in Campbell county and on Mrs. Johnson, as executrix in Mason county, and had she objected to the misjoinder of the actions and to judgment against her before the judgment was rendered, and no judgment could have been rendered against Helm in Campbell county, she might have avoided a judgment against herself as executrix and devisee.

She not only made no objection to the misjoinder but appeared and defended the action, which was properly brought against Helm as surety on Alexander's administrator bond and in which a judgment might have been rendered against him for $1,086.83, balance of assets in hands of Alexander as administrator of Robert, and which should be rendered against him unless the same shall be paid out of the proceeds of Alexander's interest in the land or out of Mrs. Johnson's estate to the extent she may have received property by devise for Alexander. She has no right to receive his estate and not pay his debts to the extent of such receipt, and upon this ground alone she might have been compelled to account for enough of what she received as devisee to pay her devisor's, Alexander's, indebtedness. It was not necessary to wait six months after Robert's death to institute suit to settle his estate, and as the misjoinder of the actions was waived, it is clear that the objection to the jurisdiction is without foundation and the necessity for demand is likewise waived. As the appellant saw proper to allow the two causes of action to be considered together as one action to

settle the estate of Robert Maddox, deceased, no affidavit by the distributees was necessary to purge their claim to their distributable shares, which were correctly ascertained by the master and adjudged by the court. The receipt for $342.66 appears to have been signed by the cross-mark of Mrs. Williams, who was a married woman at the time, without being witnessed by any one. She alleges that it was obtained by fraud. Whether this be true or not it is not binding upon her for two reasons, because she, being a married women, was incapable in law of so binding herself had the instrument been of a higher and more solemn nature, and for the reason that her mark without a witness according to the statute is not a legal signing.

The record also shows that no injustice was done by rejecting this credit claimed by Alexander's executrix. The mode in which he kept his accounts as administrator of Robert and his failure to report any inventory or make any settlement with the county court gave him all advantages of his sisters who were equally interested in their brother Robert's estate, and before he or his executrix should be allowed credits such credits should be freed from suspicion and clearly proved.

Judgment *affirmed.*

*Wadsworth & Sons, W. Lindsay, for appellant.*

*Thos. J. Throop, for appellees.*

[Cited, *Holland v. Lowe,* 101 Ky. 98, 19 Ky. L. 97, 39 S. W. 834, 41 S. W. 9.]