CASE 15—PETITION EQUITY—MARCH 18.

# Holland, &c. v. Lowe, Admr. &c.

APPEAL FROM CARROLL CIRCUIT COURT.

1. SETTLEMENT OF ESTATES—ACTIONS BY HEIRS, DISTRIBUTEES AND CREDITORS—NECESSARY ALLEGATIONS.—Under the provisions of sections 428 and 429 of the Civil Code, distributees and creditors of a deceased person may institute an action against the administrator for the settlement of the estate without waiting two years or any length of time after his qualification; and in such action it is not necessary in order to give equity jurisdiction to make any special averments other than those required by those sections.

2. SAME.—In such an action it is not necessary to allege in the petition either that the estate is insufficient to pay the debts or a demand or proof of claims by the claimants as required by the statute. A failure to make such proof and demand should be taken advantage of by a pleading or by affidavit and motion, and not by demurrer.

3. PARTIES TO SUIT—PRACTICE.—Where one is made a party to a suit to settle an estate under the provisions of section 428 Civil Code, because he has an interest in part of the property left by the decedent, he is entitled to file his answer, and not merely to offer it; and any objection to it should be made afterwards by demurrer or other appropriate procedure.

4. COSTS AND ATTORNEY'S FEES.—When a suit is brought by a distributee or creditor to settle an estate without giving the personal representative a reasonable opportunity to collect the assets and distribute them, or brought for the mere purpose of harassing or annoying the administrator, or of forestalling him in bringing such suit, for the purpose of depriving him or his counsel of compensation, the court in the exercise of its discretion may deny the cost and attorney's fees to the party bringing the suit.

5. EQUITABLE JURISDICTION.—The county court is not the sole tribunal having authority to settle the estates of decedents, and it is not necessary to give the circuit court jurisdiction that there must exist some such reason as insolvency.

WINSLOW & WINSLOW FOR APPELLANTS.

1. Schuerman had a right to file his answer and cross petition and not merely to offer it. The administrator was the only one who objected to it, and the cross petition was not against him at all, and affected only the interest of Schuerman in real estate left by the decedent, with which the administrator had nothing to do, and in which he had no interest.

2. In an action by distributees or creditors for the settlement of an estate no allegation is necessary concerning the demand or affidavit and proof of claim required by the statute. Thomas' Ex'r. v. Thomas, 15 B. M., 183; Roger v. Mitchell's Ex'r., 1st Met., 26.

3. Even if there had been no allegations as to the misconduct of the administrator, any distributee or creditor could maintain the action for the settlement of the estate at any time after the qualification of the administrator. Ky. Statutes, 3847; General Statutes, chap. 39; Art. 1, sec. 25; Meyer's Supplement, 222; Maddock's Ex'r. v. Williams, 5th Ky. Law Rept., 696; Merrell v. McAllister, 79 Ky., 317.

4. Attorneys employed by an administrator to resist a settlement are not entitled to a fee to be paid out of the estate. Griggs v. Love, 13th Ky. Law Rept., 175.

HARVEY MEYERS AND M. J. LYKINS FOR APPELLEES.

1. Unless the estate is insolvent or the sale of realty is necessary to pay the debts, or the administrator is in default, no action to settle an estate can be maintained by a distributee or creditor, and in order to give the circuit court jurisdiction in such an action, there must be some reason existing for an equitable settlement. It must be something that the county court can not reach, as that is the proper tribunal for the settlement of fiducial matters, and they must be settled there if they can be. Baxter v. Knox, 31 S. W. Rept., 284.

HARVEY MEYERS, IN A PETITION FOR REHEARING.

1. The recognized practice in this State has been to permit the regular fiducial court (county court) to settle all matters of personal representative, unless there be some reason to appeal to equity for that purpose, such as insolvency, or insufficiency of the personal estate to meet the debts, or some allegation of fraud upon the part of the fiduciary.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

This suit was brought in equity by certain heirs, distributees and creditors of James Lowe, deceased, against the other heirs, distributees and creditors under sections 428 and 429 of the Civil Code, seeking a settlement and distribution of the estate, a reference to the commissioner and an order directing creditors to appear and prove their claims by a named day. The petition averred the amount of debts, nature and value of the property, and made a party defendant one Schuerman, who is alleged to have a contract of lease upon certain real property belonging to the estate, with the privilege of purchasing at the price of $3,000 upon the expiration of the lease.

A demurrer was filed to the petition and sustained by the trial court upon the ground, as stated in the briefs, that there must be an allegation of fraud or mismanagement on the part of the administrator to enable plaintiffs to maintain the action, and also an averment of proof of claims and demand made upon the administrator for the claims mentioned in the petition.

An amended petition was filed, charging a combination and confederacy between the administrator and one of his attorneys to delay payment of claims due from the estate in order to permit the attorney to obtain contracts with claimants for a large proportion of their claims as fees for the recovery, and also averring due verification and proof of the claims set up in the original petition, and demand of payment made upon the administrator.

A number of matters entirely outside of the record, and not relevant to the issues, are discussed in the briefs, but the

principal question for decision is whether a suit for settlement of an estate can be brought in equity against the administrator eight months after his qualification.

It is urged against the right to bring such suit that by section 1057, Kentucky Statutes, the county court has jurisdiction to appoint and remove personal representatives; that by section 1062 the county judge is required to make settlements with personal representatives, or to appoint a special commissioner to make them; and that by section 1065 the county court is required to settle the accounts of all fiduciaries once in two years.

From these sections it is argued that the administrator has two years in which to settle his accounts, and, therefore, although he might, if the estate were ready for distribution and settlement, proceed to settle and distribute after nine months from the date of his qualification that a court of equity has no jurisdiction to take charge of and enforce the settlement, except upon an averment of fraud or mismanagement, or that the personalty of the estate is insufficient to pay the debts.

Counsel relied further, in support of this argument, upon section 3858, requiring the personal representatives to settle their accounts within two years after qualification; and section 3859, providing that a personal representative, after the expiration of two years from the time he qualifies, shall be charged with interest on the surplus assets in his hands.

On the other hand, section 3847, Kentucky Statutes, provides that "six months must run after the date of the qualification of the first personal representative of a decedent's estate by a court of this Commonwealth before an action shall

be commenced against any executor or administrator thereof,
except to settle the estate or against an executor *de son tort.*
Any action brought in violation of this section shall be dismissed with costs."

This section would seem to leave the time within which a
suit to settle an estate may be brought without limitation.
In this state it has been expressly held under this section that
it was not necessary to wait six months after the death of the
intestate to institute suit against the administrator to settle
the estate (Murrell v. McAllister, 79 Ky., 317; Maddox v.
Williams, 5 Ky. Law Rep., 696); nor is it necessary, in our
opinion, to aver that the estate was insufficient to pay the
debts in order to maintain such an action.

The statute as given in Stanton, 501, did in terms provide that no suit should be commenced against a personal
representative until six months after qualification, with the
limitation: "This section shall not apply to executors *de
son tort*, nor to suits to procure a settlement of insolvent estates."

By an amendment adopted in 1865, the word "insolvent"
was omitted from the statute, and it was continued in substantially the same form as given in section 3847, through
Meyer's Supplement, 222, and the General Statutes, chapter
39, article 1, section 23.

We conclude, therefore, that it was not necessary to make
any special averment to give equity jurisdiction beyond the
requirements of sections 428 and 429, of the Code. Nor was it
necessary to aver in the petition a demand by claimants and
proof of claims under the statute.

The clear implication of Thomas v. Thomas, 15 B. Mon-

roe, 183, is that failure to make proof and demand should be taken advantage of by pleading or by affidavit and motion, and not by demurrer. Moreover, this suit was not an action to recover the claims of creditors or distributees, but an action for a settlement of the estate brought under the Code provisions. (Sections 428 and 429.)

The case of Baxter v. Knox, cited by the appellants (31 S. W. 284) was a suit by a creditor on his claim, in which it was held that the averment, "the personalty was not sufficient to pay the debts," gave equity jurisdiction. It may be that when a suit is brought by a distributee or a creditor to settle an estate without giving the personal representative a reasonable opportunity to collect the assets and distribute, or is brought for the mere purpose of harassing and annoying the administrator or of forestalling him in bringing such suit, for the purpose of depriving him of compensation for services of his counsel, the court, in the exercise of its discretion, may deny the costs and attorney's fees to the party bringing such suit, but we think the right to bring the suit is given by the Code.

Before the demurrer was sustained Schuerman offered to file an answer and cross petition against the heirs of decedent, setting up the contract referred to in the petition, reciting the payment of one-third of the purchase money to those heirs of the intestate who were entitled to one-third of the undivided estate, tendering in court the remaining $2,000 of the agreed purchase price, and praying the court to require the remaining heirs of decedent to execute proper deeds for the property. To the filing of this answer and cross petition the administrator objected and the court sustained the objection.

We do not think that the refusal to permit the answer and cross petition to be filed was proper. Having been made a party, and properly so, under section 428 of the Code, as having an interest in a part of the property left by the decedent, he was entitled to file his answer and not merely to offer it. Any objection to it should have been taken afterwards by demurrer or such procedure as might be appropriate.

Wherefore, the judgment is reversed, with directions to set aside the judgment, to overrule the demurrer to the petition, and for further proceedings consistent with this opinion.