CASE 36—ACTION BY S. M. PAYTON, &C. AGAINST J. M. CRADDOCK, &C.,
SURETIES ON ADMINISTRATOR'S BOND FOR A DEVASTAVIT.—DEC. 4.

# Craddock, &c. v. Payton, &c.

APPEAL FROM HART CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL. AFFIRMED.

LIMITATION—ADMINISTRATOR'S BOND—ACTION BY DISTRIBUTEE.

Held:  Under Kentucky Statutes, section 2500, providing that "a
surety shall be discharged from liability to a distributee after
five years from the time a cause of action shall have accrued,"
and under Civil Code, section 429, and Kentucky Statutes, sec-
tion 3858 providing that a distributee "may sue for a settle-
ment of the estate immediately after the qualification of the
personal representative," a cause of action can not be maintain-
ed by the distributee against the surety on an administrator's
bond for a devastavit, until there has been a judgment ascer-
taining the amount of the demand against the estate, and lim-
itation begins to run against the surety from the time such
judgment is rendered.

S. M. PAYTON, ATTORNEY FOR APPELLEE.

## POINTS AND AUTHORITIES.

1. The statute of limitations begins to run against the sure-
ties in the bond of a fiduciary in favor of a distributee devisee
or creditor, from the accrual of the cause of action and not
before; and a cause of action does not "accrue" in favor of any
such claimant against the sureties on the bond of fiduciaries
until a liability has been ascertained and adjudged against the
fiduciary himself by a court of competent jurisdiction.   Sec-
tion 2550, Kentucky Statutes; Clark v. Commonwealth for the
use, &c., 5 Mon., p. 99; Hobbs v. Middleton, 1 J. J. Marshall,
176; McCalla's Admr. v. Patterson, 18 B. M., p. 201; Lee v.
Waller, 3 Met., p. 61; Young v. Duhme, 4 Met., 244 and Em-
merson' Admr. v. Herriford, 8 Bush, p. 237.

2. If the enforcement of a judgment be obstructed by an ap-
peal, supersedeas or injunction, the time of such obstruction
shall be disallowed in the computation of the limitations, sec-
tions 2550 and 2552 of the Kentucky Statutes.

Craddock, &c. v. Payton, &c.

McCANDLESS & JAMES, FOR APPELLANT.

The original brief for appellant is not in the record, but the following extract is from appellant's petition for a rehearing.

The learned author of the opinion in this case, says:

"In an unbroken line of decisions, this court had held that a suit upon a bond of a personal representative for a devastavit can not be maintained until there has been a judgment ascertaining the amount of the demand against the estate and showing assets in the hands of the personal representative sufficient to pay the demand or a part of it."

(Citing numerous early decisions.)

All of which is true; however, with equal truth and propriety we might add that "since the year 1881, it has been universally held by this court that an action may be maintained against a personal representative and the sureties upon his official bond by the creditors and distributees of the estate nine months after his qualification," and cite as directly in point. Murrell v. McAllister, 79 Ky., 311; Robinson v. Elam, 90 Ky., 300.

Take the case cited in our brief: A personal representative qualifies, reduces the assets of the estate to possession and departs to a foreign country leaving no property in this State. What is the remedy of the distributees and creditors? The sureties on the bond may be amply solvent, but as there has been no "judgment of the court ascertaining the amount of the demands against the estate and showing assets in the hands of the personal representative," no suit can be maintained against them and the claims are lost.

We insist that to revert to the ancient doctrine in this case, leaves us in utter confusion on the subject, with no standard of construction for similar statutes save the *ipse dixit* of the court. Why should we abandon the more recent salutary rule of construction and return to a rule so long discarded by this court? The opinion gives no reason therefor, the learned author contenting himself with the citation above, "this court had decided."

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

On the 23d day of December, 1893, there came to the hands of B. C. Gardner, administrator *de bonis non* of the estate of James Earl, deceased, $2,004.11. In January, 1896, D. W. Browning, as guardian of two of the infant children of deceased, instituted a suit against Gardner,

as administrator, the widow, and the two remaining infant children, of the deceased, under section 428 of the Civil Code, for a settlement of decedent's estate; and the case was referred to the master commissioner for this purpose, who reported that, after paying the debts of decedent, there remained a balance of $1,057.39 in the hands of the administrator for distribution to the widow and heirs at law. Exceptions were filed to this settlement on the ground that the entire fund, which arose from a judgment against the Louisville & Nashville Railroad Company for the accidental killing of the deceased, could not be subjected to the debts of the intestate, but belonged exclusively to the widow and children of deceased, under the statute. All these exceptions were overruled, and the report confirmed, at the April term, 1897, of the Hart circuit court. All of the distributees excepted to this judgment, and subsequently prosecuted an appeal therefrom to this court, which was decided on the 20th of January, 1900, 21 R., 1295 (54 S. W., 833); and the judgment of the lower court being confirmed, except as to certain claims paid by the administrator where the verification was insufficient, and the cause remanded, with instruction to allow needed proof to be made. After the return of the case, S. M. Payton purchased the interest of the widow in the funds in the hands of Gardner as administrator, and in December, 1900, instituted this suit (the widow uniting therein) against the appellants, J. M. Craddock and J. T. Price, sureties upon the bond of Gardner as administrator *de bonis non*, for the amount due him as assignee of Mrs. Jaggars. The appellant Craddock pleaded and relied upon section 2550 of the Kentucky Statutes in bar of appellee's claim, which reads as follows: "A surety for an executor, administrator, or curator, or for a sheriff to whom

a decedent's estate has been transferred, shall be discharged from all liability as such, to a distributee, devisee or ward, when five years shall have elapsed without suit, after the accruing of the cause of action, and after the attaining of full age by the devisee, distributee or ward; but the failure to commence action in time by one shall not affect the right of the other." Judgment was rendered in favor of plaintiff for the full amount of his claim, and, a motion for a new trial having been overruled, this appeal is prosecuted.

It is the contention of appellants that appellee's cause of action against the administrator of James Earl accrued immediately upon his qualification as administrator, or, at most, within nine months from the granting of such administration, and that, as no suit was instituted upon the bond for a devastavit until more than five years and nine months had elapsed after the accrual of their cause of action, their plea of limitation was conclusive of appellee's right to recover, and, to support this contention, rely upon the case of Com. v. Hammond, 49 Ky., 62, and Murrell's Adm'r v. McAllister, 79 Ky., 311. In the 49 Ky. case the question arose under the act of 1838 (3 St. Law, 558), limiting the time of bringing action against sureties, the second section of which provided "that from and after the first day of July, 1838, sureties, their executors, administrators, heirs and devisees, shall be discharged from all liabilities, to distributees, devisees and wards, on administration and guardian bonds, when five years shall have elapsed without suit after the youngest of the distributees, devisees or wards had attained full age." In construing this statute, it was held that, where the distributees were all of full age when administration was granted, suit must be brought within five years after the execution of the bond. But the Gen-

eral Assembly, in the adoption of the Revised Statutes of
1852, made a very material alteration in the language of
this section, by the insertion of the words "after the ac-
cruing of the cause of action." Revised Statutes 1852, c.
97, section 13; thus making it conform to other sections
of the statute as to limitations of actions. Under the pro-
visions of sections 428 and 429 of the Civil Code, and section
3858 of the Kentucky Statutes, a representative, legatee,
distributee or creditor of a deceased person may bring an
action in equity for the settlement of his estate immediate-
ly after the qualification of such representative. See Hol-
land v. Lowe, 101 Ky., 98 (19 R., 97) (39 S. W., 834). But
in an unbroken line of decisions this court had held that
a suit upon the bond of a personal representative for a
devastavit can not be maintained until there has been a
judgment ascertaining the amount of the demand against
the estate, and showing assets in the hands of the person-
al representative sufficient to pay the demand, or a part of
it. See Clark v. Com., 21 Ky., 99; Hobbs v. Middleton,
24 Ky., 185; Jeeter v. Durham, 29 Ky., 228; McCalla's
Adm'r v. Patterson, 57 Ky., 201; Lee v. Waller, 60 Ky.,
61; Young v. Duhme, 61 Ky., 244; Emmerson's Adm'r v.
Herriford, 71 Ky., 237. There was a controversy between
the creditors of the deceased and his distributees as to who
was entitled to the funds in the hands of the personal rep-
resentative, and until this matter was determined by the
judgment of the circuit court, confirming the master's re-
port, in April, 1897, it was impossible to know the extent
of appellee's demand against the personal representative.
That judgment, for the first time, ascertained the amount
of the claim; and, as it was not superseded, appellee had a
right to demand of the personal representative that he
should pay to him the amount shown due by this report,

and upon his failure to do so there accrued to him a cause of action against the securities upon his official bond for the first time, and, as five years had not elapsed from this date before the institution of this suit, the plea of limitation could not be successfully interposed.

In so far as the case of Murrell's Adm'r v. McAllister, 79 Ky., 311, is in conflict with our conclusion as to the time when appellee's cause of action against the sureties of the personal representative for a devastavit accrued, it is overruled, and the judgment appealed from affirmed.

Petition for rehearing by appellant overruled.