CASE 65—PETITION EQUITY—NOVEMBER 23.

# King v. Graham.

APPEAL FROM FLEMING CIRCUIT COURT.

FRAUDULENT CONVEYANCES—LIMITATION.—Where land conveyed to the wife is sought to be subjected to the husband's debts upon the ground that it was purchased by the husband and wife with money originating from land paid for by the husband, and fraudulently conveyed to the wife, limitation runs from the date of the original fraudulent conveyance, and the action is barred after the lapse of ten years from that date, the creditor having no greater right than he would have had if the wife had continued to hold the land originally conveyed to her.

W. H. CORD FOR APPELLANT.

1. A voluntary conveyance by an insolvent debtor is fraudulent and void as to the grantor's pre-existing creditors. (Smith v. Chenill L. R., 4 Eq., 390; Parkman v. Welch, 19 Pick., 231; 18 Vesey, 84-86; 10 Hare, 385; East 59, 1 McN. & Gordon, 364; 23 Maine, 221; Coolidge v. Malim, 42 N. H., 311; 1 Story's Eq., secs. 359 and 360; 12 Vesey, 156-7; Jenkins & Vaughn, 3 Drew, 419: 4 Dana, 251; 3 Bush, 212; 2 Bush, 70; Spirett v. Willows, 3 De Gex, J. & S., 293; 2 Pomeroy's Equity, sec. 971 and notes; 1 Story's Equity, sec. 353; Angrove v. Stone, 25 How., 167; 44 Barb., 84.)
2. Where an insolvent husband makes a conveyance to his wife, in a contest between her and the husband's creditors, the burden is upon the wife to show that the consideration was paid out of her separate estate. (Seitz v. Mitchell, 94 U. S., 582; Davis v. Frederick, 14 Otto, 619 Gamber v. Gamber, 18 Penn. St., 306; Keeney v. Good, 21 Pa. St., 349; Walker v. Reamey, 36 Pa. St., 410; Parvin v. Copewell, 9 Wright, 89; Kehr v. Smith, 20 Wall., 31.)

King v. Graham.

3. The action is not barred by limitation, as the last deed was executed only a short time before this action was instituted.    (Phillips v. Shipp, 81 Ky., 452.)

M. M. TEAGAR FOR APPELLEE.

1. The appellant's cause of action accrued on the 18th day of January, 1870, the date of the record of the deed from Teagar to Mary Graham, if not before; and more than ten years having elapsed before this action was instituted, it is immaterial when the fraud was discovered. (Gen. Stats., chap. 71, art. 3., sec. 6, p. 632; Phillips v. Shipp, 5 Ky. Law Rep., 460; Graves v. Leathers, 17 B. M., 669; Angell on Limitation, sec. 42.)

2. As there is nothing in the record to rebut the presumption that the wife paid the actual cash value of the lands, the deeds were neither fraudulent nor voluntary upon the part of the husband.    (Easum v. Pirtle, 5 Ky. Law Rep., 573.)

3. The husband's insolvency subsequent to the execution of the deeds can not affect their validity.    (Place v. Rhem, 7 Bush, 589.)

4. In order to set aside a conveyance as fraudulent, the evidence to overcome the presumption of fair dealing must be potent, and there must be, not only an intent upon the part of the vendor, but a knowledge of that intention on the part of the vendee.    (Allen v. Gilliand, 5 Ky. Law Rep., 320.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant in this case is complaining of the judgment below, because he was denied the right to subject the land of the wife to the payment of a debt due by the husband that had been reduced to judgment, and a return of no *property found.*

In the year 1870, a conveyance was made by Jacob Teagar to Mary Graham, the wife of the debtor, to a tract of land containing thirty acres, for the consideration of $3,358.   The husband and wife sold that land and invested a part of the proceeds in other lands, having the deed made to the wife, and continued to sell and reinvest until March, 1882, when they invested $1,600 of the money, the proceeds of land conveyed to

the wife, in a small tract of land purchased of one Simms.

This last tract of land the appellant sought to subject, on the ground that it was purchased with money belonging to the husband, originating from the conveyance made to the wife in 1870 by Jacob Teagar, it being alleged in the petition of appellant that the money to pay for that tract of land was furnished by the husband, and the conveyance made to wife by the vendor in fraud of the rights of creditors, and that the proceeds of that tract of land had been invested and reinvested, as already stated. The husband and wife deny the fraud, and rely also on the five and ten years Statutes of Limitation.

The conveyance sought to be canceled, so far as it affects the appellant, whose debt existed prior to the year 1870, is not claimed to be fraudulent, unless the conveyance made to the wife by Teagar, in 1870, was fraudulent. The right to subject the land conveyed to the wife by Simms depends on the effect of the conveyance made by Teagar. If that deed was fraudulent, the wrong was perpetrated in 1870, and the statute of ten years will bar any recovery; and the investments made from the sale of that land, during the period intervening between that date and the date of the deed from Miller, will not be held to be independent transactions, so as to sever them from the effect of the Teagar deed in 1870, that the statute of limitation may be avoided. The entire transaction must be treated as stated in the petition of appellant, from which it appears that the fraud was perpetrated in the year 1870 ; and that investments ·

continued to be made from time to time by the wife, can have no greater force, so far as they affect the rights of the wife, than if she had continued to hold the land originally purchased of Teagar.

The 6th section of article 3, chapter 71, General Statutes, provides that no action for relief for fraud or mistake shall be brought ten years after the time of making the contract or the perpetration of the fraud. This statute is a bar to the relief sought, and the judgment is affirmed.