Murrell's adm'r v. McAllister.

CASE 65—EQUITY—MARCH 19, 1881.

# Murrell's adm'r v. McAllister.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

1. There is a manifest distinction between permitting a receiver to collect a judgment already rendered, and conferring upon him the right to institute an action in which he has no interest, for the purpose of recovering a judgment for the benefit of others. The parties in interest must sue.

2. It is as necessary to state a cause of action as to sustain it by proof. The absence of either prevents a recovery.

3. The action against appellant is barred by the statute of limitations.

GEO. W. WILLIAMS AND E. H. BROWN FOR APPELLANT.

1. The court erred in substituting appellee as plaintiff, instead of the original plaintiffs in the action.

2. The Civil Code has specifically prescribed who shall be parties to actions. Appellee, as receiver, cannot institute an original action, to the exclusion of the real parties in interest.

3. The action is barred by limitation. (1 R. S., 424, sec. 12; *Ib.*, 507, sec. 25; Morehead & Brown St., 668; 1 Greenleaf, sec. 79.)

4. The judgment is not supported by the evidence.

VANCE & MERRITT AND MALCOLM YEAMAN FOR APPELLEES.

1. The claims of all the parties, and all the claims in this suit, were merged in the judgment in favor of the receiver, and it was proper that he be made the plaintiff for its enforcement.

2. Appellants filed no exceptions to the commissioner's report. (Slaughter v. Slaughter, 8 B. Mon., 483; Campbell v. Weakley, 7 B. Mon., 24; Daniels' Ch'y Prac., 1, 592; 9 Pick., 73; 3 John. Ch. Rep., 81; 6 *Ib.*, 592; 13 Peters, 359; Taylor v. Young, 2 Bush, 431; 1 Mar., 349; 3 *Ib.*, 66; 7 J. J. Mar., 503.)

3. The action is not barred by limitation. It is not shown that any of the distributees were of full age five years before the action was instituted. (Hayden v. Hayden, 3 Met., 191; Rev. Stat., chap. 97, sec. 15; *Ib.*, vol. 2, 435, chap. 106, sec. 27; Moore v. Tanner, 5 Mon., 46; 10 Bush, 261; 15 A. L. R., N. S., 212.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

On the 28th of November, in the year 1864, Josiah Veach qualified in the county court of Henderson as administrator of Charles Winfrey, deceased, and executed a bond of that

date with W. D. Stirman, Benj. Stout, H. C. Elliott, and *Henry Dugan*, his sureties.     Lewis Griffin, Mary Griffin, Charles H. Winfrey, and others, claiming to be collateral heirs of the *intestate*, instituted an action in equity on the 27th of June, 1867, against Veach, the administrator; and Martin Vanada and others, who were alleged also to be heirs, and some of them unknown, praying a settlement of the accounts of the administrator and a distribution of the personalty between the heirs, and a division of the land. The sureties were not parties to this original action, and on the 29th of December, 1869, judgment was obtained against Veach, the administrator, for $15,405.84, amount of assets that came to his hands, and as some of the heirs or distributees were unknown, a receiver was appointed (John E. McAllister), and the judgment for the amount entered in the receiver's name, that he might collect and hold it subject to the order of the court.     Veach, the administrator, appealed from the judgment against him, and it was reversed, the amount being reduced to $14,171, and a judgment for that sum was entered in the name of McAllister, receiver, when the case returned to the lower court.     It seems that when the original judgment was rendered that the case was still in the hands of the commissioner to report other assets unaccounted for and not embraced in the judgment rendered.     In October, 1872 (15th) the plaintiffs filed in the clerk's office an amended petition, in which they alleged the recovery against Veach as directed by this court; that Henry Dugan was one of his sureties, but is dead, and that one Sallie Murrell was his heir and devisee, and prayed judgment against her for the recovery of the $14,171, and any other sum that might be found due. A judgment was rendered on this amended petition against

Mrs. Murrell for the above-named sum, and also a judgment against both herself and Veach for the additional sum of $5,871.

Mrs. Murrell died shortly after the judgment, and her administrator brought the case to this court on an appeal, and it was reversed as to her and remanded.

The judgment was reversed on the appeal of Mrs. Murrell on the ground that the amended petition filed in vacation was in the name of the heirs of Winfrey, or a portion of them, to enforce a judgment against her as the devisee of Dugan, who was the surety of Veach, when that judgment was in the name of McAllister, the receiver; that the receiver must prosecute the action to enforce that judgment and not the heirs, and that as to the judgment for $5,871 for funds not embraced by the original judgment, no recovery could be had against the sureties until all the parties in interest were before the court. On the return of the cause the receiver, McAllister, was substituted, at his own instance, against the objections of the appellants, to the rights of the heirs of Winfrey, and was permitted to prosecute the action not only for the judgment obtained, but for the purpose of a final settlement. This was done, and it seems to us conferred a right of action on a party who was a stranger to the recovery of the $5,871 judgment, and had no interest whatever in it. There is a manifest distinction in permitting a receiver to collect a judgment already rendered and conferring on him the right to institute an action in which he has no interest, for the purpose of recovering a judgment. The parties were *sui juris*. They had not asked the court to appoint the receiver to bring the action, and could not have conferred such a right even on petition. He did not ask to be permitted to sue in his name for all the heirs, and if he

had, there is no reason why the heirs could not sue. They
are not so numerous as that an action is required to be
brought in the name of another for their use, nor is there
any reason assigned why the receiver should be permitted
to prosecute an action against the surety by reason of a
devastavit committed by the administrator. The receiver
might unite with them in the action, as the first judgment
is in his name, if necessary to a settlement of the estate.
If he can sue for all the parties in interest, it is because of
the twenty-fifth section of the Code that provides: "If the
question involved a common or general interest of many
persons, or if the parties be numerous, and it is impracti-
cable to bring all of them before the court within a reasonable
time, one or more may sue or defend for the benefit of all."
We think this case is not embraced by the section quoted;
but even if the right to sue in the name of the receiver is
conceded, the pleading seeking a recovery fails to state a
cause of action. This action is against the administrators
of Mrs. Murrell, who was the heir and devisee of Dugan,
who was the surety of Veach. There is no allegation in
the amended petition filed by the heirs, or the amended
petition filed by McAllister as receiver, that Mrs. Murrell
as heir or devisee of her father received a dollar of assets
from his estate. It is alleged that one Harris, as curator of
Dugan's estate, has money enough in his hands to pay the
debt claimed, but this is not an averment that Mrs. Murrell
or her administrators received it, or are in any manner liable
therefor. There was a demurrer to the amended petition by
Mrs. Murrell's administrators, and it should have been sus-
tained. The judgment in this case is against the adminis-
trators of Mrs. Murrell, to be levied of assets in their hands
as such, and the result is that Mrs. Murrell's estate is made

to pay the debt for which Dugan was liable as surety, when she had received nothing from her father for which she should be charged.

It may be said that the commissioner's report and proof show that she received some estate, but this testimony is insufficient to support the judgment for want of the pleading. It is as necessary to state a cause of action as it is to sustain it by proof. The absence of either prevents a recovery. As this case must be again reversed, it is proper to notice another question raised by the pleadings below, and which must determine the rights of the parties as the record now stands. The administrators of Mrs. Murrell pleaded the five years' statute of limitation. That statute provides: "A surety for an executor, administrator, guardian, curator, or for a sheriff to whom a decedent's estate has been transferred, shall be discharged from all liability as such to a distributee, devisee, or ward when five years shall have elapsed without suit, after the accruing of the cause of action, and after the attaining of full age by the devisee, distributee, or ward, but the laches of one shall not affect the right of the other."

The statute quoted is found in the Revised Statutes, and the same provision is contained in substance in the General Statutes. (Section 3 of article 6, chapter 71, General Statutes, and section 13 of chapter 97, Revised Statutes.)

Veach administered on the 28th of November, 1864, and Dugan, the surety, died on the 23d of January, 1871; so, from the administration of Veach to the death of Dugan, was six years one month and twenty-six days; and when you deduct either the six months in which no action can be brought against an administrator, or the nine months in which he is allowed to distribute, the distributees, if adults,

at the accrual of the cause of action, are precluded by the statute from recovering, and the right to maintain the action depends now on the question as to whether they were twen-ty-one years of age when the cause of action accrued, or reached their majority within five years from the accrual of the cause of action to its institution. As to such of the distributees as are within the saving clause of the statute, the action, if properly brought, can be maintained.

The statute of 1838, under which the case of Hayden's adm'r v. Hayden, 3 Metcalfe, was decided, gave all the distributees the right to maintain the action within five years after the youngest of the distributees arrived at age; but under the present statute the infancy of one does not protect or save the rights of the other. The appellees insist that no action can be instituted against the personal representative for a settlement and distribution until two years have elapsed from his qualification. There is a provision contained in both the Revised and General Statutes, providing that "after the expiration of two years from the time he qualifies as such, the personal representative shall be presumed to have used the surplus assets in his hands, and shall be charged with interest from that time, unless he proves that he did not use it or make interest," &c. The only effect of this statute is to fix the liability of the personal representative for interest on the amount he has failed to pay over, and does not regulate the time at which he may be compelled to pay the principal. It is also made his duty to settle his accounts within two years after he qualifies; but this has never been held as exempting him from an action in equity for a settlement and distribution of the estate, and there is no reason why he should be permitted to retain for two years the principal of the estate, if it is in such a con-

dition as will enable him to distribute.    "No suit or action
shall be brought against a personal representative until six
months after he qualifies."   (Volume 1, Revised Statutes,
page 501, section 23.)   "A personal representative may
distribute the estate of a decedent nine months after his
death."   (Volume 1, Revised Statutes, page 424, section
12.)   Prior to the adoption of the Revised Statutes, and
when similar enactments existed with reference to settle-
ments by personal representatives, this court, in the case
of the Commonwealth for Bell v. Hammond, 10 B. Mon.,
decided that a suit may be commenced by a distributee
for his share of the personal estate against the administra-
tor at any time after the expiration of nine months from
the grant of administration; and as he may settle after
nine months under the section of the Revised Statutes
referred to, we perceive no reason why the distributee
could not have brought his action for distribution after
that period, under the law as it existed when the Revised
Statutes were in force; and as evidence of the manner in
which these statutes have been and should be construed in
adopting the General Statutes, an action to settle the estate
of an intestate may be brought before six months expires
from the date of his qualification.    Sec. 23 of chap. 39,
General Statutes, provides: "Six months must run after the
date of the qualification of the first personal representative
of a decedent's estate by a court of this commonwealth,
before an action shall be commenced against any executor or
administrator thereof, *except to settle the estate*, or against an
executor *de son tort*."    Whether under this section the stat-
ute would commence to run against the distributee from the
time of the qualification of the personal representative is not
necessary to determine, as this question must be determined

by the Revised Statutes. The cause of action accrued, therefore, after the expiration of nine months from the qualification of Veach as administrator, as to such of the distributees as had reached their majority, and if they were adults, the statute ran before Dugan's death. It is argued by counsel for the appellees that the burden of proof is upon the appellants to establish the fact that these distributees were not under the disability of infancy when the alleged cause of action accrued. The general doctrine is, that one relying upon such a disability must prove its existence, as the fact being peculiarly within his own knowledge, can be easily established; that the burden should rest where the exclusive knowledge of the fact exists is a well recognized rule, but whether it is to apply in a case like this is not so certain.

The plea is, that the cause of action accrued more than five years before the bringing of the action, and five years after the distributees had attained the age of twenty-one years. Both facts must be established, else the defense fails; and if either one or the other does not constitute any part of the defense, it was not necessary to plead it. If the saving as to infancy, as counsel says, had been embodied in another section, the solution of the difficulty would be easy; but the saving and limitation are embraced within the same section, and, as was decided by this court in Hayden v. Hay, den, 3 Metcalfe, the burden is on the party pleading the statute.

Then as to the proof, the original plaintiffs all sue as adults. There is no appearance of the plaintiffs, or any of them by their next friend, or any defense made by a statutory or guardian *ad litem*. In tracing the *heirship*, the testimony of witnesses advanced in years have necessarily

·been resorted to, and in giving their knowledge of the family .and of the plaintiffs, or many of them, the conclusion is inevitable that they must have been of age when the action was instituted. It appears that the plaintiffs who claim as ·distributees are the children of the sons and daughters of James Winfrey, who was the common ancestor. The will of James Winfrey is dated in 1813, and the whole family history shows that these plaintiffs must have been of age when this action was instituted. Therefore, on the plea of the statute, .as the record is now presented, the judgment should have .been for the surety.

Judgment reversed, and cause remanded for further pro- ·ceedings consistent with this opinion, with leave to amend.