CASE 49—PETITION EQUITY—JUNE 19.

# Robinson's Committee v. Elam's Ex'r.

APPEAL FROM HENDERSON CIRCUIT COURT.

1. LIMITATION OF ACTION ON ADMINISTRATOR'S BOND.—A cause of action accrues to a distributee against the administrator upon his bond nine months after his qualification, and the action is barred after the lapse of fifteen years from the time the cause of action thus accrued.

2. THE TRUSTS EXCLUDED FROM THE OPERATION OF THE STATUTE OF LIMITATIONS are those of an exclusively equitable character, where the trustee has a right to hold the estate, and the *cestui que trust* has no right to sue for it.

R. H. CUNNINGHAM FOR APPELLANT.

An express and continuing trust is not affected by limitation. (Gen. Stats., chap. 71, art. 4, sec. 20; Cholmondeley v. Clinton, 2 Jac. & Walk. Ch., 1; Kane v. Bloodgood, 7 John's Ch., 90; Coster v. Murray, 5 Johns. Ch., 531; 16 Serg. & Rawle, 379; Talbott v. Todd, 5 Dana, 199; Lex. L. F. & M. Ins. Co. v. Page, &c., 17 B. M., 446; Manion's Adm'r v. Fitzworth, 18 B. M., 601; Roberts v. Roberts, 7 Bush, 104; Seymour v. Freer, 8 Wall., 218; Lewis v. Hawkins, 23 Wall., 119.)

So long as the relation of trustee and *cestui que trust* exists, and is admitted by the trustee, lapse of time is no bar; but if the trust is denied in plain terms, and such denial brought to the knowledge of the *cestui que trust*, the statute runs from that time. (Philippe v. Philippe, 115 U. S., 151; Boone v. Chiles, 10 Pet., 180; Bohannon's Heirs v. Streshley's Ex'r, 2 B. M., 439; Findley v. Patterson, 2 B. M., 78; Hendrick v. Robinson's Adm'r, 7 Dana, 167; Hume v. Beale, 17 Wall., 336; Hovenden v. Annesley, 2 Sch. & Lef. Ch., 607.)

Administration of a decedent's estate is "a continuing and subsisting trust" within the meaning of the statute. (Angell on Limitation, sec. 168; Hargis, &c., v. Sewall's Adm'r, 9 Ky. Law Rep., 920.)

Limitation ran in Elam's favor only from the date of the county court order confirming this last settlement.

H. F. TURNER OF COUNSEL ON SAME SIDE.

S. B. & R. D. VANCE, JOHN YOUNG BROWN AND MONTGOMERY MERRITT FOR APPELLEE.

Plaintiffs could have sued the administrator after nine months had elapsed from the date of his qualification, and, therefore, limitation ran from

that time; but if there is any doubt upon that point there certainly can be none as to their right to sue immediately upon the confirmation of his settlement of 1866. In either event the action is barred. (Murrell's Adm'r v. McCallister, 79 Ky., 315; Hargis, &c., v. Sewall's Adm'r, 9 Ky. Law Rep., 920.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

W. S. Elam qualified as the administrator of John J. Smith on March 10, 1864. The latter had been the administrator of his brother, William P. Smith. Elam made a settlement in the county court on April 21, 1866. In it he was credited with: "By amount set apart to pay W. P. Smith's debts, $3,428.73." The balance in his hands was fixed, apportioned among the heirs, and, as the evidence shows, paid to and receipted for by them. It was not, however, a final settlement. He made a second settlement in 1869, with a like distribution among the heirs, and a final one on February 24, 1874. In the two last settlements no notice was taken of the fund that had been left in his hands to pay the debts of Wm. P. Smith. Elam died in August, 1883, and on September 2, 1886, the heirs of John J. Smith brought separate actions, but which were subsequently consolidated, against Elam's executrix upon his bond as administrator of John J. Smith for their respective portions of the three thousand four hundred and twenty-eight dollars and seventy-three cents, which had been left in his hands, claiming that he had never paid it out, and that it, in fact, belonged to them.

A plea of the statute of limitation, and also that Elam had, in fact, paid the money to those entitled

to it, was interposed to a recovery. If the first de-
fense is valid, it is, of course, unnecessary to con-
sider the other.

Over twenty-two years elapsed from the qualifi-
cation of Elam as administrator until these suits
were brought, and over twenty years from the time
of his first settlement, in which he was credited
with the money now sought to be recovered. It is
urged that he held it in trust, and that the statute
of limitation, which in this State is fifteen years to
an action upon an administrator's bond after the ac-
crual of the cause of action, did not, therefore, run
against the party entitled to it.

It has been long well settled that the statute of
limitations applies in equity as well as at law. Our
present statute applies to all actions, and, when prop-
erly pleaded, it must prevail, even where the jurisdic-
tion is exclusively equitable. It was so applied by
the courts even before the adoption of the Revised
Statutes in 1852, although the then existing statutes
did not in terms so provide. Any other rule would
largely defeat the policy of the law.

It is contended, however, that this case is embraced
by section 20, article 5, chapter 71, of the General
Statutes, which provides: "The provisions of this
chapter (as to limitation of actions) shall not apply
in the case of a continuing and subsisting trust, nor
to an action by a vendee of real property in posses-
sion thereof to obtain a conveyance."

The term "trust" is a very broad one. In its most
comprehensive sense it embraces every deposit, and it,
of course, would not do to hold that in all such cases

the statute does not run, even though the claimant is invested with the power and right to sue. Such a rule would evidently defeat the legislative purpose, and render nugatory, in a great degree, our "statute of repose."

The trusts intended to be embraced by the statute, and to be excepted out of the limitation, are those of an exclusively equitable character, where the trustee has a right to hold the estate, and the *cestui que trust* has no right to sue and recover it. Where, however, the latter may do so, and forbears to exercise the right, the letter of our statute, as well as the policy of our law, gives the opposing party the right to rely upon the lapse of time. The time, by the terms of the statute, begins to run from the accrual of the cause of action.

Our present statute provides: "A personal representative, nine months after qualification, may distribute the estate of a decedent." (Gen. Stat., ch. 31, sec. 19.)

The Revised Statutes provided that he might do so nine months after the death of the decedent. (1 Rev. Stat., ch. 30, sec. 12.)

The distributee has a right to sue at law, even upon the bond of the personal representative, for his distributable share nine months after the qualification of the personal representative. His cause of action then accrues, and unless exercised within fifteen years following, time bars him of an action upon the bond of the representative. He has this right of action, regardless of whether the administrator has settled his accounts, because he might not do so at all; and

if this would prevent the operation of the statute, then it would be imperative as to his sureties, who are released by no other section of the statute in the event suit is not brought within five years from the accrual of the cause of action. (Commonwealth, &c., v. Hammond, &c., 10 B. M., 62.)

It was held in Murrell's Adm'r v. McAllister, 79 Ky., 311, that a cause of action accrued to a distributee against a surety upon an administrator's bond nine months after his qualification, and this being so, it must also then accrue against the principal, because an action can not accrue against a surety until it accrues against the principal.

Of course, a court, where the circumstances authorize it, may delay the prosecution of the suit by the distributee. The estate may be in such condition, owing to inability to realize its assets, or otherwise, as to necessarily delay a judgment; but the right of action nevertheless accrues nine months after the qualification of the personal representative. The provision of the statute that he shall be presumed, after the lapse of two years, to have used the surplus assets of the estate, and shall be chargeable with interest thereon from that time unless he proves its non-use, only fixes his liability for interest, and has no bearing upon the question of when he may be sued for the principal.

These actions were clearly barred by the statute, and the judgment is, therefore, affirmed.