CASE 48—EQUITY—JANUARY 20, 1899.

# Blake, Etc. v. Wolfe, Etc.

APPEAL FROM OWSLEY CIRCUIT COURT.

1. LIMITATION—GUARDIAN AND WARD—"CONTINUING AND SUBSISTING TRUST."—The "continuing and subsisting trust" which will prevent the running of the statute of limitations is such a trust as will authorize the trustee to hold, and prevent the beneficiary from recovering, the property covered by the trust.

2. SAME.—When a ward attains his majority, limitation begins to run against an action by him to recover from his guardian the property held by him in that capacity, and becomes a complete bar in fifteen years.

3. SAME—ACTION TO SURCHARGE AND FALSIFY SETTLEMENTS.—An action to surcharge and falsify a settlement of a guardian's accounts made in the county court is an action for relief from fraud or mistake, and is barred after the lapse of ten years from the ward's maturity, if not from the settlement itself.

4. SAME.—So an action to set aside a deed to lands purchased with the ward's money is an action for relief from fraud or mistake.

JAMES M. SEBASTIAN FOR THE APPELLANTS.

1. The statute begins to run against each ward as he attains majority. Murrell's Admr. v. McAllister, 79 Ky., 311. There was no new promise to take the case out of the statute and if there had been it must have been a written one. Gilmore v. Green, 14 Bush, 792.

2. There is nothing to take the case out of the statute of limitations nor can the statute be construed otherwise than literally. McDonald's Exr. v. Underhill, Exr., 10 Bush, 584; Hargis, &c., v.

Blake, Etc., v. Wolfe, Etc.

Sewell's Heirs, 87 Ky., 63; Robinson's Com. v. Elam's Exr., 90 Ky., 300; Bigstaff, Trustee, v. Lumkins, &c., 13 Ky. Law Rep., 248.

3. The ten years statute of limitations bars the plaintiff's claim. Salve v. Ewing, 1 Duv., 271; Cavanaugh v. Britt, 90 Ky., 273; Brown v. Brown, 91 Ky., 639; Hieronymus v. Mayhall, 1 Bush, 508; Dorsey v. Phillips, 84 Ky., 420.

4. Gideon and Riley Wolf are bound by the judgment of William Blake and wife v. William Blake, upon the ground of estoppel. Seiler v. Northern Bank of Kentucky, 86 Ky., 128; Curts v. Trustees of Bardstown, 6 J. J. Mar., 536; Thompson v. Clay, 5 Mon., 360; Head v. Perry, 1 Mon., 253; Bush's Heirs v. Hampton, 4 Dana, 83.

5. The settlement made by William Blake of his accounts as guardian in the county court in 1872 can not now be attacked for fraud or mistake.

HOLT & HOLT on the same side.

1. It is at least questionable whether the Margaret Blake suit is not a bar to this one in toto. Whether so or not, after the lapse of over twenty years the county court settlement is conclusive.

2. If the pension money had gone into the Harvey land, the appellant might have taken the title to same and held it in open renunciation of the plaintiff's claim.

E. E. HOGG for the appellees.

1. The appellant bought the lands in contest with the money of the appellees in whole or in part.

2. The appellees are not estopped by the action of Margaret J. Blake and her husband.

3. The partial pretended settlement made in 1872 does not preclude appellees.

4. The statute of limitations can not be successfully interposed on behalf of the guardian and his wife against the wards who traced their money into the lands in possession of their guardian.

5. The appellant has not paid appellees in supporting and educating them.

Citations: Hendricks, &c., v. Robinson's Exr., &c., 7 Dana,

165; Bohannan's Heirs v. Sthreshley's Exr., 2 B. M., 437; Mattingly v. Bosley, 2 Mar., 443.

E. E. HOGG FOR THE APPELLEES, IN A PETITION FOR A RE-HEARING.

Additional citations: Black v. Kaiser, &c., 91 Ky., 425; Ky. Stats., secs. 2115, 2519, 2521, 2038.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

On January 9, 1871, appellant William Blake qualified in the Owsley county court as the guardian of his three infant stepchildren, Gideon, Riley, and Margaret J. Wolfe, the children of Emanuel Wolfe, who had died in the United States army. As the guardian of these children, appellant drew from the United States government a pension amounting to $1,552, the first money being drawn on the 13th of May, 1872, and the last on the same date in 1878. Riley Wolfe became of age on June 15, 1877; Gideon on December 15, 1879; and Margaret, on April 29, 1883. This action was brought on January 4, 1893, by Gideon, Riley, and Margaret Wolfe (the last then being Margaret Blake), against appellant, their late guardian, alleging that he had not paid them their money and that he had invested it in a tract of land on which he was then living, and that he had fraudulently had the deed to the land made to himself, his wife, and her children, and not to them. This deed was made on March 7, 1874, and recorded a few months later. It also appears that Margaret, in the year 1879, and soon after her marriage, had brought a similar suit against appellant, as her guardian, which, after some preparation was dismissed, settled, on May 15, 1881. The court below held her barred by this consent order of any relief in the case before us, but gave judgment in favor of Gideon Wolfe for $595.66, with interest from December 16, 1874, and in favor of Riley Wolfe for $397.66, with interest from June

16, 1872, subject to some credits set up in the judgment, and adjudged them a lien on the land of appellant for this money.

It is insisted in support of the judgment that limitation did not run in appellant's favor, because he was the trustee of an express trust, and that the case falls within the provision of the statute excepting from its operation "the case of a continuing and subsisting trust." But, when the wards became of age, the trust of appellant as their guardian terminated, and from that time on the relation of debtor and creditor existed as fully as if there had never been any trust at all. Thus, in Robinson's Committee v. Elam's Ex'r, 90 Ky., 300, [14 S. W., 84], this court held an action by a distributee on an executor's bond barred after 15 years from the time his cause of action accrued. The court said: "The trusts intended to be embraced by the statute, and to be excepted out of the limitation, are those of an exclusively equitable character, where the trustee has a right to hold the estate, and the *cestui que trust* has no right to sue and recover it. Where, however, the latter may do so, and forbears to exercise the right, the letter of our statute, as well as the policy of our law, gives the opposing party the right to rely upon the lapse of time. The time, by the terms of the statute, begins to run from the accrual of the cause of action."

This case has been often approved by this court, and as appellees had a right to sue from the time they became of age, and this action was not begun within fifteen years after Riley Wolfe was of age, it results, under this well settled rule, that his cause of action was barred when this suit was filed. See, also, Ky. Stat., Sec. 2521.

Gideon Wolfe came of age about thirteen years before the action was filed, and so was not barred by the fifteen years

statute. But it appears from the record that the guardian made a settlement of his accounts on May 13, 1872, from which it was shown that he had but little, if anything, in his hands. Appellees seek to surcharge this settlement in this action, filed more than twenty years after it was made and more than thirteen years after the youngest son was of age. The settlement, unless surcharged, is a protection to appellant. It remains therefore to inquire whether this petition was filed in time for that purpose. The statute provides: "In actions for relief for fraud or mistake, or damages for either, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake; but no such action shall be brought ten years after the time of making the contract or the perpetration of the fraud." If the guardian made a mistake in his settlement, and credited himself honestly with credits to which he was not entitled, the action to correct this settlement is certainly an action for relief for mistake, within the meaning of this section; and if he did not act honestly, but fraudulently charged himself with less than he had received, or fraudulently credited himself with money he had not expended, as alleged by appellees, the case falls equally within the statute; and, by its plain terms, the action must be brought, in any event, within ten years after the ward arrived at age.

The same statute applies to that part of the petition which seeks to subject the tract of land embraced in the deed to appellant and Mrs. Blake and her children. It is alleged that this deed was fraudulently made; but it has been of record since the year 1874, and the grantees in the deed can not be now devested of their rights. It has often been held by this court that, if ten years are allowed to elapse, the right of the grantee is perfected. Dorsey v.

Blake, Etc., v. Wolfe, Etc.

Phillips, 84 Ky., 420, [1 S. W., 667]; King v. Graham, 84 Ky., 482, [1 S. W., 822], and cases cited.

The proof shows that the appellees live in the neighborhood with the appellant, and have had full opportunity to learn their rights, and bring an action, within the time allowed them by law after they became of age. The great delay in this case is not satisfactorily accounted for, and it is intimated that the action would never have been brought but for bad feeling and outside influences. However this may be, the claim appears to us stale. A court of chancery aids the vigilant and not those who have slept upon their rights; and, taking all of the facts of the case into consideration, we do not think that the appellees have shown themselves entitled to any relief. They were without a home when appellant married their mother. He got them together, gave them shelter in their weakness, and seems to have reared them as his own children. He has made them to share just like his own children in the tract of land where he now lives. They do not seem to have complained when the facts were fresh and better capable of proof than now, and, having been silent then, we do not think they ought to be heard now. They clearly knew of their guardian's settlement, and how he claimed the account stood, when they became of age, and in fact long before this. They knew of their sister's suit to surcharge the settlement, and were consulted in it, but elected to take no action. They knew that provision had been made for them in the deed for the land, and why it was made, and must, after so many years, be held to have acquiesced in that provision; for we are constrained to believe that, after their sister's suit and the lapse of so many years, they could not have failed to under-

stand that the interest conveyed to them by this deed was not the absolute title to the land. They knew of the struggles of their father and mother to rear their large family, the hardships they had endured, the nature of their guardian's care of them, and the expenses attendant upon it; and, having elected not to disturb the settlement, we do not think it should be opened now. The judgment is therefore reversed, with directions to the court below to dismiss the petition.

Response to petition for rehearing was delivered by Judge Hobson.

The object of having settlements made by fiduciaries in the county court is to make a statement of their accounts of record, and these settlements are an idle form, if the judgments of the county court confirming them may be wholly disregarded. So it has been uniformly held in this State that the party complaining of such a settlement must not only surcharge it, but allege in his petition specifically the errors relied on. Tanner v. Skinner, 11 Bush, 129; Allen v. Westfall, 8 Ky. Law Rep., 63; Kirtley v. Jameson, 6 Ky. Law Rep., 740; Fielder v. Harbison, 93 Ky., 482, [20 S. W., 508]. The appellee, therefore, can not get along in this action, if he has lost his right to surcharge the guardian's settlement.

It is earnestly argued that as to Gideon Wolfe, at least, there should be a recovery, as it appears the guardian collected some money for him after his settlement with the county court. There would be force in this contention, if it did not appear, also, that the guardian has paid over to his ward, since that settlement, as much as the amount so collected, including what was in his hands, as shown by it. The petition is overruled.