CASE 83.—ACTION BY THOMAS S. WREN'S EXR. AGAINST
JAMES W. WREN'S EXRS. AND OTHERS.—October
15.

# Wren's Exr. v. Wren's Extx.

Appeal from Kenton Circuit Court.

Judgment for defendants, plaintiff appeals.
Affirmed.

1. Limitation of Actions—Executors—Final Account—Surcharge.
—Where an executrix's final account was settled December
31, 1895, a proceeding to surcharge it for misappropriation
of funds by the executrix, not instituted until August 25,
1906, was barred by Stat. 1903, section 2519, providing that
no action for relief for fraud or mistake shall be brought
after 10. years from the perpetration of the fraud, etc.
2. Executors—Accounting—Right to Surcharge.—Where an an-
cestor bequeathed his entire estate to his wife, who was
also his executrix, for life, the right of the executor of a
remainderman to surcharge the settlement of the executrix
for fraudulent misappropriation of the capital of the estate
was entirely distinct from and independent of his right to
proceed against the widow as life tenant.
3. Limitation of Actions—Suspension—Statutes.—An action to
surcharge the settlement of an executrix's account for fraud
is not within Stat. 1903, section 2543, declaring that the pro-
visions of the chapter shall not apply to a continuing and
subsisting trust, etc., which includes only such continuing
trusts as entitled the trustee to hold the estate independent
of the cestui que trust.
4. Same—Equitable Rights—Application.—Under Stats. 1903, sec-
tion 2522, providing that an action for relief not otherwise
provided for can only be commenced within 10 years next
after the·cause of action accrued, the statutes of limitation
apply to all actions, whether based on equitable or legal
rights.

FRANK M. TRACY for appellant.

S. D. ROUSE for appellee.

(No breifs—Record misplaced.)

OPINION OF THE COURT BY JUDGE ·BARKER—Affirming.

James W. Wren died, testate, in the year 1890, at his domicile in Kenton county, Ky., leaving a widow, Virgina S. Wren, but wthout bodily heirs. By the terms of his will the testator devised his whole estate to his wife for life, and she was named as executrix of it. Afterwards, the will was duly probated, and the appellee qualified as executrix. The appellee made a partial settlement of her accounts as executrix in the county court of Kenton county on the 12th day of January, 1893. She afterwards made a final settlement on the 31st day of December, 1895, and the balance remaining in her hands as executrix after the payment of the debts of the decedent she held as tenant for life under the will of her husband. When James W. Wren died, his father, Thomas S. Wren, was alive and resided in Montgomery county, Ky. Afterwards he died, leaving a will, of which the appellant, Lewis Apperson, was appointed and quali-fied as executor. On the 25th day of August, 1906, the appellant Apperson, as executor aforesaid, instituted this action in the Kenton circuit court for the purpose of surcharging the settlements of the appellee as executrix of her husband, in order to increase the amount of the estate of which his testator was remainderman. We cannot better state the claim of appellant than by borrowing the following lucid statement from his brief: "This controversy affects only the personal estate, which was inventoried at about $16,000. On the 12th day of January, 1893,

Virginia Wren, as executrix of James W. Wren, made a first settlement with the Kenton county court and thereafter on the 31st of December, 1895, made a second settlement which was designated a final settlement of her accounts. Appellant is the executor of Thomas S. Wren, and brought this action for the purpose of protecting and safeguarding the remainder interest of his testator; he alleging that Virginia Wren had misappropriated more than $6,500 of the personal estate, that she had illegally consumed that much of the corpus of the estate, and had fraudulently claimed credit for said sum of money in her two settlements, which said settlements he asked to have surcharged and falsified, and the amount thus shown to have been misappropriated restored to the estate, that judgment for the amount found due be rendered against Virginia Wren, and that a trustee be appointed to take charge of the estate." To the cause of action set up in this petition the appellee, among other things, pleaded, the 10 years' statute of limitations as a bar to the action to surcharge her settlements as executrix. A demurrer to this answer was overruled by the court, and, the appellant declining to plead further, his petition was dismissed.

The sole question involved on this appeal is the sufficiency of the plea of the 10 years' statute of limitation as a bar to appellant's right to surcharge the settlements of appellee as executrix of her husband's estate. It must be observed that there is no claim in the petition that appellee, as life tenant, has wrongfully converted or diminished in any way the estate which came into her hands as such. The sole claim is that, as executrix, she made false and fraudulent settlements, paid her individual debts with her

husband's estate, paid claims without lawful vouchers, and in this way reduced the body of the estate which was to come into her hands as life tenant to, at least, $6,500 less than it should have been. It is clear, then, as before said, that the one question in this case is whether or not the right to surcharge the settlement of a fiduciary with a county court is barred by the 10 years' statute of limitation. Section 2519, Ky. Stats. 1903.

The very principle we have here arose in the case of Blake v. Wolfe, 105 Ky. 380, 20 Ky. Law Rep. 1212, 49 S. W. 19, 50 S. W. 2. That was an action by wards against their guardian, and, in order to recover, it was necessary that they should surcharge his settlements made as guardian, and the question arose whether the 10 years' statute of limitation barred the surcharging of the guardian's settlements, and on this phase of the case the court said: "But it appears from the record that the guardian made a settlement of his accounts on May 13, 1872, from which it was shown that he had but little, if anything, in his hands. Appellees seek to surcharge this settlement in this action, filed more than 20 years after it was made, and more than 13 years after the youngest son was of age. The settlement, unless surcharged, is a protection to appellant. It remains therefore to inquire whether this petition was filed in time for that purpose. The statute provides: 'In actions for relief for fraud or mistake, or damages for either, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake; but no such action shall be brought ten years after the time of making the contract or the perpetration of the fraud.' If the guardian made a mistake in his settlement, and credited himself hon-

estly with credits to which he was not entitled, the action to correct the settlement is certainly an action for relief for mistake, within the meaning of this section; and if he did not act honestly, but fraudulently charged himself with less than he had received, or fraudulently credited himself with money he had not expended, as alleged by appellees, the case falls equally within the statute; and, by its plain terms, the action must be brought, in any event, within 10 years after the ward arrived at age.'' And in the response to the petition for a rehearing it was said: ''The object of having settlements made by fiduciaries in the county court is to make a statement of their accounts of record, and these settlements are an idle form, if the judgments of the county court confirming them may be wholly disregarded. So it has been uniformly held in this State that the party complaining of such a settlement must not only surcharge it, but allege in his petition specifically the errors relied on. Tanner v. Skinner, 11 Bush 129; Allen v. Westfall, 8 Ky. Law Rep. 63; Kirtley v. Jameson, 6 Ky. Law Rep. 740; Fielder v. Harbison, 93 Ky. 482, 20 S. W. 508, 14 Ky. Law Rep. 481. The appellee, therefore, cannot get along in this action, if he has lost his right to surcharge the guardian's settlement.'' The case of Robinson's Committee v. Elam's Ex'r, 90 Ky. 300, 14 S. W. 84, 11 Ky. Law Rep. 307, also involved the question we have here, and in order to recover in that case of the administrator of a decedent's estate, it became necessary to surcharge his settlement, and it was there held that the statute of limitation barred the claim. These two adjudications are conclusive of the question we have here. Appellant's trouble seems to be in confusing the two positions which appellee occupies; that of execu-

trix of her husband's will, and that of life tenant. His right to surcharge the settlements of the executrix is entirely distinct from and independent of such right as he may have against the tenant for lfe, and these separate rights are not to be confused or confounded. The fact that the life tenant and the executrix are the same person does not in any wise alter the principle herein announced. If the executrix and the life tenant had been different persons, the confusion we have referred to would not have occurred. Now, it is manifest that whatever delinquency or misdoing the executrix was guilty of she must answer as such, and not as life tenant. If a third person had been executor of the will of James W. Wren, and had done with his estate precisely what appellee did, this suit would have been brought alone against the executor, and not against the life tenant; and if a third person had qualified as executor and made the false and fraudulent settlements alleged to have been made by appellee, under the authority of the cases above cited, a plea of the 10 years' statute of limitation would have barred an action to surcharge.

This action to surcharge the settlement of a fiduciary for fraud does not fall within the provision of section 2543, Ky. Stats. 1903, which is as follows: "The provisions of this chapter shall not apply in the case of a continuing and subsisting trust, nor to an action by a vendee of real property in possession thereof, to obtain a conveyance." This statute applies only to such continuing trusts under which the trustee has the right to hold the estate, and the cestui que trust has no right to sue for it. Robinson v. Elam, 90 Ky. 300, 11 Ky. Law Rep. 307, 14 S. W. 84; Hargis v. Sewell, 87 Ky. 63, 9 Ky. Law Rep. 920,

7 S. W. 557; Blake v. Wolfe, 105 Ky. 380, 49 S. W. 19, 50 S. W. 2, 20 Ky. Law Rep. 1212. In this case the tenant in remainder had the same right to bring the action to surcharge appellee's settlements on the day after they were made as he had in 1906; and, this being true, the 10 years' statute of limitation applies and bars his right. The authorities cited by appellant from those jurisdictions where the statutes of limitation do not bar equitable rights have no application in this State. Here the statutes of limitaton apply to all actions, whether they be based upon equitable or legal rights, and the court has no discretion, but must apply them when properly pleaded, although the action is based purely upon an equitable right. Our statutes of limitation are framed and designed to fix a time beyond which every right to bring an action must be barred unless specially excepted from their provisions. Section 2522 provides that: "An action for relief not provided for in this or some other chapter, can only be commenced within ten years next after the cause of action accrued." This shows an intent to cover the whole field of litigation. As said before, the cause of action to surcharge the accounts of the executrix accrued to the appellant when they were made. After the lapse of 10 years without action, he cannot in the face of a plea of the statute of limitation maintain this one. The statute of limitation is, of course, one of repose, and enacted for the purpose of fixing some definite time when every action shall be either brought or barred. It would be intolerable, if demandants could sleep on their rights for an indefinible time, and after all the evidence which would protect the defendants has vanished that he should be called on to defend the claim when no defense could

then be shown. As an illustration, take the case in hand. A part of appellant's objection to the settlements is that some of the vouchers supporting the claims paid by the fiduciary were not prepared according to the terms of the statute, and that therefore she was not entitled to credits for the payments. Now, perhaps, it has become impossible to obtain vouchers for these claims, although if the objection had been made earlier the executrix could have amended the fault complained of. This merely illustrates the wisdom of the statute in fixing a time after which one who undertakes to discharge his legal duties may feel that he is secure from adverse litigation concerning them. The statute was designed to effectuate a wise and beneficent purpose, and should be given a liberal, rather than a narrow, construction in order to carry out the intention of the lawmakers.

Judgment affirmed.