## Baugh's Administratrix v. Baugh's Administrator, et al.

### (Decided May 29, 1914.)

### Appeal from Laurel Circuit Court.

1. Limitation of Actions—Payment Within Fifteen Years—Evidence —In an action to recover certain indebtedness, evidence exam-

ined, and held not to show a payment on the indebtedness within 15 years from the time suit was brought, and that the claim was barred by the statute of limitations.

2. Limitation of Actions—Sections 2514 and 2543, Kentucky Statutes—Exceptions—Trusts.—The trusts excepted by Section 2543 from the operation of Section 2514, Kentucky Statutes, barring an action against a principal in an administrator's bond after 15 years from the time the cause of action accrued, are those of an exclusively equitable character, where the trustee has a right to hold the estate, and the cestui que trust has no right to sue for it.

3. Limitation of Actions—When Legatee May Sue for Interest in Estate—Section 3860, Kentucky Statutes.—A legatee may sue for his interest in the estate nine months after the qualification of the administrator, and need not wait until the real estate is sold by the administrator, and where the suit is not brought for 19 years after his qualification, the claim is barred by the statute of limitations.

SAM C. HARDIN for appellant.

JOHN R. BOREING and GEO. G. BROCK for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This appeal involves a question of limitation, which was decided adversely to appellant below.

The facts are as follows:

On July 1, 1879, Robert Baugh executed and delivered to Rhoda A. Baugh a note for $272, payable on demand, with interest at the rate of 8 per cent per annum from date until paid. Robert Baugh died in the year 1880, without paying any part of the note except the sum of $10.75. Robert Baugh was a son of Amanda Baugh, who, on January 6, 1888, died testate a resident of Laurel county. Her will was probated in the month of July, 1888. The will in question, after setting out the fact that the testatrix had given to her son Robert more than to her other children, and the further fact that her son Robert had borrowed from her daughter-in-law, Rhoda Baugh, several hundred dollars, and that his estate was not sufficient to pay this indebtedness, contains a provision authorizing the testatrix' son, J. F. Baugh, to sell her residence near the cross-roads in Laurel County, containing 412 acres, and out of the funds arising from said sale to pay off and discharge all the indebtedness her son Robert owed her daughter-in-law Rhoda. The

will further directed her son J. F. Baugh to sell the land for what he could get for it, either in her lifetime or after her death, and to make deeds for the same, and directed that the remainder of the money arising from the sale, after paying off the expenses of winding up the estate, should be divided among her daughters. On the death of the testatrix, J. F. Baugh qualified as her administrator. Between that time and the death of Rhoda, which occurred in the year 1891, he paid to Rhoda certain sums aggregating about $319.05. On June 11, 1894, he sold the lands referred to in the will, and received therefor the sum of $422.72. J. F. Baugh died intestate in the year 1899, and C. R. Baugh qualified as his administrator. On the death of Rhoda in the year 1891, Fanny Johnson qualified as her administratrix.

This action was brought by Rhoda Baugh's administratrix against J. F. Baugh's administrator and heirs, for a settlement of his estate, and to recover the balance of the indebtedness due Rhoda Baugh. Among other defenses, defendants interposed a plea of limitation. On final hearing, the court adjudged that plaintiff's claim was barred by the statute of limitations. From that judgment this appeal is prosecuted.

Appellant insists that the judgment below is erroneous on three grounds: (1). There was a payment on the indebtedness within 15 years before suit was brought; (2), the statutes did not run because of the relation of trust between J. F. Baugh and Rhoda Baugh; (3), in no event did it begin to run until after the sale by him of Amanda Baugh's property, which occurred within 15 years from the time the suit was brought.

(1). In answer to the first contention, it is sufficient to say that the record fails to show any payment on the indebtedness within 15 years from the time suit was brought.

(2). An action against a principal in an administrator's bond is barred after 15 years from the time the cause of action accrued. Section 2514, Kentucky Statutes; Hargis v. Sewell, 87 Ky., 63, 7 S. W., 557. An exception is made in the case of a continuing and subsisting trust. Section 2543, Kentucky Statutes. The trusts excepted from the operation of the statute are those of an exclusively equitable character, where the trustee has a right to hold the estate and the *cestui que* trust has no right to sue for it. In this case no such trust

existed. Amanda Baugh's administrator had no right to hold the property, while Rhoda Baugh or her administratrix had the right to sue for it. Robinson v. Elam, 90 Ky., 300, 14 S. W., 84.

(3). There is no merit in the contention that Rhoda Baugh's cause of action did not accrue until the year 1894, when Amanda Baugh's administrator sold the real estate in question. Rhoda Baugh was simply a legatee or distributee under the will of Amanda Baugh. Her right to sue did not depend on when the real estate was sold. She had the right to bring suit within nine months after the administrator qualified. Section 3860, Kentucky Statutes; Murrell v. McAllister, 79 Ky., 311; Robinson v. Elam, *supra*. As this suit was not brought until about 19 years after his qualification, it follows that appellant's claim is barred by the statute of limitations.

Judgment affirmed.