## Godbey et al. v. Milliken et al.

(Decided June 15, 1934.)

(Rehearing Denied Oct. 26, 1934.)

COLEMAN TAYLOR for appellants.

G. T. FINN and JOHN S. MILLIKEN for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

In the year 1918, Mrs. Mary J. Cregor died testate, a resident of Simpson county. In her will she appointed John J. Milliken as executor thereof and after its probation he qualified as such. He immediately began the administration of her estate, a part of which was a note that she held against one J. J. Duer for $680. Milliken, as executor, reduced the assets of her estate to cash and paid all costs of administration and some small specific bequests made by the testatrix, but he did not distribute the remainder of her estate to her residuary legatees, who, or the representatives of those who have died, are the plaintiffs in this action.

With the condition of the Cregor estate in the status indicated, her executor (J. J. Milliken) died testate, a resident of Simpson county on September 20, 1920, one year and eleven months after having qualified as executor of the Cregor estate. He in his will designated three of his sisters as his executrices, and, when it was probated after his death, they qualified as such. Soon thereafter they made and filed with the county judge of Simpson county a settlement of Mrs. Cregor's estate in which they charged their decedent (J. J. Milliken, executor, etc.) with all the assets which they claimed came into his hands (he never having filed an inventory of that estate) and credited him with payments made, leaving a balance to be distributed to plaintiffs, under the residuary clause of Mrs. Cregor's will of about $3,000 each, and which was later paid to them. That settlement was made on May 6, 1921, and, having lain over for exceptions and none filed thereto, it was confirmed.

The court in its confirming judgment, after reciting the amount that the executrices of Milliken charged him with and the amounts that he had paid out of the Cregor estate, said: "Which leaves nothing in their hands due said estate and they are hereby released from further liability under said Bond," they having become the sureties of J. J. Milliken, as executor of Mrs. Cregor.

In this settlement of her estate, which they made as indicated, no mention was made of the Duer note and

the record discloses beyond contradiction that neither they nor any of the devisees of Mrs. Cregor, including plaintiffs, had ever heard of that note nor did they possess any knowledge of its existence. Some nine years thereafter, during which time the office of Mr. Milliken burned and his papers became scattered, it was accidentally discovered that the Duer note was a part of Mrs. Cregor's estate that went into the hands of Milliken, as executor of her will, and that he had charged himself therewith; also that he had collected that note and entered it in a small blank book, wherein he had also charged himself with it, as a part of the assets of the Cregor estate; but it is undisputably shown that the blank book in which those entries appeared was so concealed as to be most difficult to unearth, and no one possessed any facts, or by ordinary diligence could have discovered any, that would be stimulative to an investigation which might lead to the discovery of the $680 Duer note, or its collection by Milliken and his charging himself therewith as executor. It appears in the record how such discovery was made, but we deem it unnecessary to recite the evidence thereon or to say any more concerning it than what we have done.

After that discovery was made, and on the 28th day of April, 1931, plaintiffs brought this equity action against defendants, the surviving sisters of J. J. Milliken and the representatives of those who have died, to surcharge the settlement, supra, of date May 6, 1921, and in their petition, after alleging the facts as we have recited, they further averred that the makers of the settlement at the time either by fraud or by mistake failed to report the amount represented by the Duer note, or to account for it in that settlement, and that plaintiffs had only recently discovered the fraud or mistake and could not have earlier done so by the exercise of ordinary diligence. They therefore prayed that the settlement referred to be surcharged and that the estate of J. J. Milliken be required to account for the amount so concealed or failed to be reported and for judgment therefor. Amended pleadings sought to recover against the executrices who were alive, and the representatives of those who have died, the amount sued for as heirs and distributees of J. J. Milliken, since, as was also alleged, they had each received from his estate more than the amount involved. They also sought to hold the executrices of J. J. Milliken and the representatives of

those who have died as sureties on the bond of J. J. Milliken, as executor of Mrs. Cregor.

A motion was made by defendants to require plaintiffs to elect, but it was overruled and a number of special and general demurrers were filed which were also overruled, followed by separate answers each of which, in substance, was a denial of the averments of the petition and the amendments thereto. They also contained paragraphs pleading various statutes of limitation, and also one pleading a prior action to settle the estate of J. J. Milliken, which was done by a judgment of the court and that plaintiffs did not present their claim in that action, which defendants averred was a bar to their right to prosecute this one. By order of the court the affirmative pleadings were denied of record. Proof was taken and the cause was submitted to the court, followed by a judgment dismissing plaintiffs' cause of action, to reverse which they prosecuted this appeal. From the recitation we have made, it will be observed (a) that the three sisters of J. J. Milliken were his only devisees, (b) that they were also the only sureties on his bond as executor of Mrs. Cregor's will, and (c) that they were jointly the executrices of his will and made the settlement hereinbefore referred to. So that, if the facts of this record render them liable to plaintiffs in any of such capacities, the court erred in dismissing the peti-

We are thoroughly convinced that as executrices of J. J. Milliken's will and also the makers of the settlement, their decedent's estate should respond to plaintiffs for the amount sought to be recovered. The conclusion so reached is based on these considerations: That as such executrices, they had the right and it was proper for them to make the settlement of Mrs. Cregor's estate as they did. If they practiced any fraud in doing so or committed any mistake in making it, plaintiffs, as the ones injured thereby, had the right to surcharge the settlement within five years after the fraud or mistake was committed under the provisions of section 2515 of our present statute; but, that if by the exercise of proper diligence they could not have discovered the existence of their cause of action, then, under section 2519, they had until ten years within which to proceed to make the correction, and this action was brought nine years and eleven months after the mistake or fraud was committed at the time the settlement was filed by the representative of J. J. Milliken.

From the facts hereinbefore recited, we are convinced that plaintiffs brought their action in time and before the bar accrued under the last section of the statute referred to, since, we repeat, no sort of diligence on their part could have discovered the fraud or mistake or was it possible for that to have been done, except in the accidental manner that it was. The ones who made the settlement were evidently ignorant of the facts disclosed by the accidental discovery, and, if they were so hidden as to prevent them from discovering them, it is most persuasive that plaintiffs should likewise be excused from doing so. Neither the executrices nor plaintiffs possessed any fact as a beginning point from which to prosecute an investigation, and under such circumstances we can conceive of no legal reason to charge plaintiffs with any dereliction in not discovering the mistake or fraud which they seek to correct by this action sooner than they did.

There can be no doubt but that at the time the settlement was made, J. J. Milliken's estate possessed the proceeds of the Duer note which was a part of Mrs. Cregor's estate, and that the settlement should have included that item to be distributed to her residuary legatees, who, as we have said, are the plaintiffs. In arriving at the conclusion we have reached, we have not overlooked the provisions of section 3890 of our present statute saying:

"The executor of an executor shall have no authority as such to administer the estate of the first testator; but on the death of the sole or surviving executor of any last will, administration of the estate of the first testator, not already administered, may be granted, with the will annexed, to such person as would have been entitled to administration if the testator had died intestate."

It will be observed that the statute denies to an executor of an executor the right to further administer on the first estate, and prescribes that the administration of any assets of that estate, which the first representative had not administered upon before his death, should pass to a second administrator with the will annexed, if there was a will, and that the representative of the deceased one should deliver to such second appointee of the first estate all such unadministered assets.

What are unadministered assets, or what composes

a part of the estate "not already administered," within the section of the statute, was before us in the case of Clark's Administrator v. Farmers' National Bank of Richmond, 124 Ky. 563, 99 S. W. 674, 30 Ky. Law Rep. 738. The reasoning of the court may be had by reading that opinion. Suffice it to say that the conclusion was reached that if a representative of an estate collects its assets and mingles them with his own funds whereby he diverts them from the estate of which he is the representative and converts them to his own use, he has administered that portion of his trust estate, and it is the duty of his representative, if he should die, to report it and account for it. In other words, such a claim is no part of unadministered assets of his trust estate that should be administered by an administrator de bonis non of the first estate. We regard that rule, which is supported by cases and authorities cited in the opinion, as conclusive of this case, since it establishes the fact that it was the duty of the executrices of J. J. Milliken to file a correct settlement of Mrs. Cregor's estate, and, not having done so, this action, on behalf of those who were injured thereby, is maintainable to recover the claim involved against the estate of J. J. Milliken, by surcharging the settlement made of his trust estate.

Turning our attention briefly to the pleaded judgment in the suit to settle the estate of J. J. Milliken as a defense herein, we deem it sufficient to say that it nowhere appears that plaintiffs herein, or their ancestors who have since died and with whom they are in privity of estate, were parties to that action, and unless that was true they would not be bound by that judgment. See text in 24 C. J. 512, sec. 1363. But, independently of that well-established legal principle, we are convinced that under the facts of this case there would exist no bar to the prosecution of this action, even if it were otherwise, and plaintiffs, or those representing them at the time, had been made parties to that proceeding, since their claim (the one here sued on) was then, to all intents and purposes, nonexistent because of its effectual burial in the secret grave which we have depicted. They would be no more bound to present a claim in their favor, so effectually concealed, than they would be required to discover the mistake sooner than they did. So far as the legal status is concerned, their claim was first manifested and became existent, so as to demand timely action on their part, when it became

known that J. J. Milliken had collected the claim and charged himself with it as a part of the estate of their testatrix.

The law imposes no duty on them with reference to the presentation of the claim in that suit or otherwise until they discovered it in the proper manner, provided they did so within the period allowed by the statute, which in this case, as we have seen, is ten years. Moreover, the action in which the relied on judgment was rendered was not one to settle the trust estate of Mrs. Cregor, but one only to settle Milliken's individual estate. We therefore conclude that this defense is not available.

Wherefore, for the reasons stated, the judgment is reversed with directions that it be set aside and another one rendered in conformity with the principles of this opinion.

Whole court sitting.