## Rison et al. v. Shepherd et al.

March 16, 1945.

Robert R. Friend and R. Russell Grant for appellants.

Shumate & Shumate and John W. Walker for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

Guy Rison was a soldier in the first World War and died in foreign service in 1918 leaving a widow, Bertha, and an infant son, Merlin. Bertha married again but the husband and children of her second marriage all predeceased her. Her third husband was Charlie Strange and there were three children born to this marriage. Bertha died in 1938 survived by her husband, Charlie, and three infant children, and the adult son, Merlin, who reached his majority on May 8, 1935.

As a soldier Guy Rison carried $2582.37 life insurance with the government. On September 9, 1929, Nelson C. Witt qualified as Guy's administrator with John Shepherd and W. G. Patrick as sureties on his bond. On September 2, 1930, Witt collected this insurance for which he never accounted, nor did he settle his accounts as administrator.

Merlin instituted suit against the administrator and his bondsmen on January 7, 1943, and after setting out the above averments his petition as amended alleged that the administrator fraudulently concealed the collection of this insurance and fraudulently failed to settle his accounts, and that plaintiff did not discover, and could not have discovered by the exercise of reasonable diligence, this fraud until June 5, 1941; that the administrator was summoned to appear in the Estill County Court on July 25, 1942, to show cause why he should not settle his accounts but that he failed and refused to settle. Charlie Strange, individually and as next friend of his three infant children, filed an intervening petition wherein they sought to recover their interest in the insurance, asserting they inherited from the wife and mother, Bertha, which intervening petition adopted the allegations of the original petition. The prayers of these pleadings ask that the administrator be required to settle the estate.

Witt, the administrator, made no defense and default judgment went against him. The sureties, Shepherd and Patrick, by their answers denied the fraud and averred that the action accrued not later than September 2, 1930 (the date the administrator collected the insurance); that the public records showed the appointment and qualification of the administrator on September 9, 1929, which was constructive notice to the distributees that the administrator had qualified and made no settlement. They further pleaded in bar of the action KRS 413.230 (the five year statute of limitation as to sureties on bonds of personal representatives); 413.240 (specifying how such limitation may be extended); 413.130 (no action for fraud may be maintained more than 10 years after the fraud was perpetrated); that Merlin came of age more than 5 years before he filed suit and his action against the sureties was barred by KRS 413.230; that Bertha was a widow when the administrator collected the insurance on September 2, 1930, and the statute of limitation started running against her on that date and continued to run against those claiming through her and barred the intervenors' right of recovery since their petition was filed February 21, 1944.

Plaintiffs filed general demurrers to the pleas of limitation which the court overruled, and upon plain-

tiffs declining to plead further their petitions were dismissed and they appeal.

The question before us is one of limitation and the parties devote much of their briefs to the proposition, when does an action accrue by a devisee or a distributee against a personal representative, or the sureties on his bond; rightfully insisting that the statute starts to run from the time the action accrues.

Plaintiffs take the position that the action accrues when the settlement is made, or when it should be made upon their demand, citing Hargis v. Sewell's Adm'r, 87 Ky. 63, 7 S. W. 557, 9 Ky. Law Rep. 920; Blake v. Wolfe, 105 Ky. 380, 49 S. W. 19, 20 Ky. Law Rep. 1212; Wren's Ex'r v. Wren's Ex'x, 126 Ky. 704, 104 S. W. 737, 31 Ky. Law Rep. 1096; Anspacher v. Utterback's Adm'r, 252 Ky. 666, 68 S. W. 2d 15, and Tucker v. Aetna Casualty & Surety Co., 270 Ky. 723, 110 S. W. 2d 649. Defendants contend that the action accrues under KS 3847 six months after the administrator qualifies (now reduced to 5 months under KRS 395.270), citing Murrell's Adm'r v. McAllister, 79 Ky. 311; Robinson's Committee v. Elam's Ex'x, 90 Ky. 300, 14 S. W. 84, 12 Ky. Law Rep. 271; Baugh's Adm'x v. Baugh's Adm'r, 159 Ky. 320, 167 S. W. 124. However, it is unnecessary for us to determine in the instant case the general rule as to when the action of a devisee or a distributee accrues against a personal representative, or his sureties, as will appear from the pleadings about to be discussed.

Plaintiffs plead the administrator fraudulently concealed the collection of this money and fraudulently failed to settle when summoned into county court on July 25, 1942, and they did not discover, and could not have discovered by the exercise of reasonable diligence, the fraud until July 5, 1941. Defendants insist that the fraud was perpetrated by the administrator when he received the money on September 2, 1930, and as the action was not filed until January 7, 1943, it is barred by the 10 year statute, KRS 413.130.

It is plain that the fraud was not perpetrated by the administrator in collecting this fund nor in holding it after collection, but the fraud was in failing to account for it when a settlement was demanded. Godbey v. Milliken, 255 Ky. 788, 75 S. W. 2d 345. It is not unusual for a personal representative to hold funds in his hands, and KS 3859 (KRS 395.310) provides for interest to be

charged against him on surplus assets in his hands if no settlement is made within two years. We have construed this section as not fixing the time within which a personal representative must settle or be sued for a settlement of accounts, Holland v. Lowe, 101 Ky. 98, 39 S. W. 834, 19 Ky. Law Rep. 97, but as placing the burden on him to show cause why he should not be charged with interest, Farmers' Bank & Trust Co. v. Stanley, 190 Ky. 762, 228 S. W. 691. Certainly, the fact that there was a record of the administrator's appointment and qualification in the county court clerk's office could not be notice to plaintiff that he had collected this money or that he would not account for it upon demand. Moreover, the law places no duty upon the devisee or distributee to notify the surety of any delay or mismanagement of the administrator, but puts the burden upon the surety as to the character and acts of his principal, since it is only through the burden he assumed as surety that the principal may come into possession of the assets of the estate. Kaufman v. Kaufman's Adm'r., 292 Ky. 351, 166 S. W. 2d 860, 865.

Since we have reached the conclusion that the fraud was not committed by the administrator until he refused to account when called upon to do so on July 25, 1942, and as the suit was filed about six months thereafter, KRS 413.170 (tolling the statute of limitation during infancy), KRS 413.220 and 413.230 (limiting the right of action against the surety on an administrator's bond to 5 years after the right of action accrues), have no application. Nor does the 5 year statute or the 10 year statute, 413.120 (12) and 413.130 (3) providing the limitation within which an action must be brought based on fraud or mistake, apply as they have been construed in McCoy v. Arena, 295 Ky. 403, 174 S. W. 2d 726, and Shilling v. McCraw, 298 Ky. 783, 184 S. W. 2d 97.

There is no merit in defendants' contention that the statute having commenced to run against the mother, Bertha, during her life, continued after her death to run against her children, 34 Am. Jur. sec. 199, p. 160; Loyd v. Loyd's Adm'r, 46 S. W. 485, 20 Ky. Law Rep. 347, for the reason that the action did not accrue until 1942 and the mother died in 1938.

The chancellor erred in overruling plaintiffs' demurrer to defendants' plea of limitation and his judg-

ment dismissing the petition is reversed for proceedings consistent with this opinion.